IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Jackson Division)

| | |
|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF MISSISSIPPI, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 3:12CV790 TSL-MTP |
| v. | ) ) |
| THE CITY OF JACKSON, MISSISSIPPI | ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA") and the State of Mississippi, by and through the Mississippi Commission on Environmental Quality, acting through the Mississippi Department of Environmental Quality ("MDEQ") and hereby allege as follows:

### NATURE OF ACTION

1. This is a civil action for penalties and injunctive relief brought under Sections 309(b) and (d) of the Clean Water Act ("the Act"), 33 U.S.C. §§ 1319 (b) and (d), and under the Mississippi Air and Water Pollution Control Law ("MAWPCL")(Miss. Code Ann. §§ 49-17-1 through 49-17-45), against the City

1

of Jackson ("Jackson") for discharges of pollutants from at least August 2007 through the date this Complaint is filed, including discharges of pollutants from unpermitted point sources in violation of Section 301 of the Act, 33 U.S.C. § 1311, and for violations of effluent limitations and other conditions established in the National Pollutant Discharge Elimination System ("NPDES") permits issued to Jackson by MDEQ pursuant to its EPA-approved permit program under Section 402 of the Act, 33 U.S.C. § 1342.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the Act, 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355, and over the Parties. This Court has supplemental jurisdiction over Mississippi's state law claims under the MAWPCL pursuant to 28 U.S.C. § 1367(a) because the state law claims are related to the federal law claims and form part of the same case or controversy.

3. The United States has authority to bring this action on behalf of the Administrator of EPA ("Administrator") under Section 506 of the Act, 33 U.S.C. § 1366. MDEQ has the authority to bring this suit on behalf of the State of Mississippi in accordance with Miss. Code Ann. §§ 49-2-13, 49-2-21, 49-17-17, and 49-17-43 and the common law of Mississippi.

4. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which Jackson is located and in which the alleged violations occurred.

5. Notice of the commencement of this action has been provided to the State of Mississippi pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b).

## DEFENDANT CITY OF JACKSON

6. Defendant Jackson is a "city" within the meaning of Miss. Code Ann. § 21-1-1 and was incorporated in 1833. Jackson is also a "municipality" as that term is defined by Section 502(4) of the Act. 33 U.S.C. § 1362(4). Jackson is responsible for the operation and maintenance of three wastewater treatment plants and approximately 890 miles of sanitary sewers, 17,800 manholes, and approximately 95 pump stations and associated pressurized force mains. Jackson operates its sewage collection, transmission and treatment system pursuant to three NPDES permits issued under Section 402(b) of the Act, 33 U.S.C. § 1342 and Miss. Code Ann. § 49-17-29, authorizing the discharge of pollutants from certain outfalls. Jackson collects, transports and/or treats sewage from external jurisdictions including the: City of Ridgeland; City of Madison; Pearl River Water Supply Authority; City of Flowood; City of Pearl; City of Brandon; City of Whitfield (including the Mississippi State Hospital); the Jackson Evers Airport; City of Richland; Forest Woods Utilities (City of Byram); and Siwell Utilities (a privately operated sewer collection system located in Jackson, Mississippi).

## CLEAN WATER ACT AND MISSISSIPPI AIR AND WATER POLLUTION CONTROL LAW STATUTORY REQUIREMENTS

7. Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the "discharge of pollutants" by any person into waters of the United States except in

compliance with that Section, including, where applicable, a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8. Similarly, Miss. Code. Ann. § 49-17-29(2) prohibits the "pollution of any waters of the state, or to "place or cause to be placed any wastes in a location where they are likely to cause pollution of any waters of the state" without a valid permit, and Miss. Code Ann. § 49-17-43(1) provides that it is illegal to violate any permit provision.

9. Section 402(a) of the Act, 33 U.S.C. § 1342(a), provides that the permit-issuing authority may issue a NPDES permit which authorizes the discharge of any pollutant, but only in compliance with the applicable requirements of Section 301 of the Act, 33 U.S.C. § 1311, and such other conditions as the Administrator determines are necessary to carry out the provisions of the Act.

10. Section 402(b) of the Act, 33 U.S.C. § 1342(b), provides that EPA may approve a state NPDES permitting program within its jurisdiction. The State, through MDEQ, is authorized to issue NPDES permits in Mississippi, and does so in accordance with its MAWPCL, Miss. Code Ann. §§ 49-17-1 through 49-17-45, and Commission Regulations WPC-1 and WPC-2.

11. Section 308 of the Act, 33 U.S.C. § 1318 and Miss. Code Ann. §§49-17-21 and 49-17-29, authorize EPA and MDEQ to require inspection and monitoring to determine compliance with the Act, the MAWPCL, and NPDES permits through Discharge Monitoring Reports ("DMRs") and quality assurance

requirements. Data submitted on DMRs must accurately reflect the pollutants in, and toxicity of, the discharges of the permittee.

12. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the Act, 33 U.S.C. § 1311, or any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. 1342. MAWPCL provides similar authority to MDEQ. Miss. Code Ann. §§ 49-17-43(2).

13. Section 309(d) of the Act, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $32,500 per day for each violation which takes place on or after March 15, 2004, and a civil penalty not to exceed $37,500 per day for each violation which takes place after January 12, 2009, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L. 101-410, enacted October 5, 1990; 104 Stat. 890), as amended by the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701 note; Pub. L. 104-134, enacted April 26, 1996; 110 Stat. 1321); 40 C.F.R. Part 19 (73 Fed. Reg. 75346 (Dec. 11, 2008)). The MAWPCL provides that any person that violates effluent standards, water quality standards, permit terms or conditions, filing requirements, or fails to allow or perform entry, inspecting, monitoring or reporting requirements, is subject to a

civil penalty of up to $25,000 per day per violation. Miss. Code Ann. §49-17-43(1). Polluters or violators can also be liable for damages including state investigation and enforcement costs, removing any pollution, and compensation for loss of wildlife, fish, aquatic life and any other actual damages caused by the pollution or violation. Miss. Code Ann. § 49-17-43(3) and (4).

## GENERAL ALLEGATIONS

14. At all times relevant herein, Jackson has operated and maintained wastewater treatment plants ("WWTPs"), and an associated separate sanitary sewer collection and transmission system ("sanitary sewer system") which receive and treat wastewater from residential, commercial, and industrial sources within Jackson and surrounding areas. The sanitary sewer system for the WWTPs include gravity sewer lines, force mains, lift stations, pump stations, and manholes.

15. Jackson is a municipality. It is a city created by or pursuant to Mississippi law and has jurisdiction over disposal of sewage, industrial wastes, or other wastes.

16. Because Jackson is a municipality, at all times relevant herein, Jackson is a person, within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5) and Miss. Code Ann. § 49-17-5(3)(b).

17. The Savanna Street Wastewater Treatment Plant ("Savanna St. WWTP"), theTrahon/Big Creek Wastewater Treatment Plant ("Trahon WWTP"), and the Presidential Hills Wastewater Treatment Plant ("Presidential Hills WWTP"), as defined by 33 U.S.C. § 1281, are devices and systems used in the

storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature.

18.  The Savanna St., Trahon, and Presidential Hills WWTPs are "treatment works" within the meaning of Section 212(2) of the Act, 33 U.S.C. § 1292(2) and Miss. Code Ann. §49-17-5(1)(d).

19.  The Jackson sanitary sewer system and the Savanna St., Trahon, and Presidential Hills WWTPs, as defined by 33 U.S.C. § 1362(14), are discernible, confined and discrete conveyances, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, or rolling stock from which pollutants are or may be discharged.

20.  The Jackson sanitary sewer system and Savanna St., Trahon, and Presidential Hills WWTPs are point sources within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14) and "disposal systems" within the meaning of Miss. Code Ann. §§ 49-17-5(1)(c) and 49-17-43(2)(b).

21.  At all times relevant herein, Jackson has discharged one or more pollutants, including, but not limited to, sewage as defined in 33 U.S.C. § 1362(6), from its sanitary sewer system and the Savanna St., Trahon, and Presidential Hills WWTPs.

22.  At all times relevant herein, Jackson has discharged one or more wastes, including, but not limited to, sewage defined in Miss. Code Ann. § 4-17-5(1)(b), from its sanitary sewer system and the Savanna St., Trahon, and Presidential Hills WWTPs.

23. The Pearl River and Big Creek and their tributaries are water bodies within the Middle Pearl-Strong Watershed (Hydrologic Unit Code 03180002) [hereinafter collectively referred to as "Jackson area waters"] are waters of the United States and waters of Mississippi.

24. "Jackson area waters" are "navigable waters" under Section 502(7) of the Act, 33 U.S.C. § 1362(7) and 40 C.F.R. § 122.2, meaning they are waters of the United States.

25. "Jackson area waters" are "waters of the state" under Miss. Code Ann. §49-17-5(1)(f), meaning "all waters within the jurisdiction of [the State of Mississippi], including all streams, lakes, ponds, impounding reservoirs, marshes, watercourses, waterways, wells, springs, irrigation systems, drainage systems, and all other bodies or accumulations of water, surface and underground, natural or artificial, situated wholly or partly within or bordering upon the state . . . except lakes, ponds or other surface waters which are wholly landlocked and privately owned and which are not regulated under" the Act.

26. At all times relevant herein, Jackson has "discharged pollutants" from "point sources" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), into "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

27. At all times relevant herein, Jackson has discharged "wastes" into "waters of the state" and/or placed "wastes" in locations where they are likely to cause pollution of "waters of the state." Miss. Code Ann. § 49-17-4-29.

28. Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), and Miss. Code Ann. § 49-17-29, MDEQ issued Jackson NPDES permits currently in effect for the following WWTPs:

    a. Savanna St. WWTP was issued Permit Number MS0024295 on May 4, 2012 and expires on April 30, 2017.

    b. Trahon WWTP was issued Permit Number MS0044059 on June 3, 2009 and expires May 31, 2014.

    c. Presidential Hills WWTP was issued Permit Number MS0030295 on June 3, 2009 and expires on May 31, 2014.

29. At all relevant times herein, Jackson's NPDES permits have authorized Jackson to discharge treated municipal wastewater from its WWTPs to the Pearl River, Big Creek and Bogue Chitto Creek, subject to certain limitations and conditions set forth in the NPDES permits.

30. The NPDES permits establish certain limitations on the mass and concentration of pollutants Jackson may discharge from its WWTPs during a given period. The NPDES permits also require Jackson to monitor its discharges and submit periodic DMRs to MDEQ.

31. The permits require Jackson at all times to properly operate and maintain all facilities and systems (and related appurtenances) for collection and treatment installed or used by Jackson to achieve compliance with the terms and conditions of the permit. This provision requires the operation of backup or auxiliary facilities or similar systems which are installed by a permittee only when

the operation is necessary to achieve compliance with the conditions of the permit.

## FIRST CLAIM FOR RELIEF
## UNPERMITTED DISCHARGES FROM SANITARY SEWER SYSTEMS

32. Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33. On numerous occasions between October 2007 and the date this complaint is filed, Jackson discharged untreated sewage into "Jackson area waters" and other Mississippi "waters" from discharge points within its sanitary sewer system which were not and are not authorized by any NPDES permit.

34. Each of the discharges referred to in Paragraph 33 involved a discharge of pollutants from a point source into navigable waters of the United States and waters of the State, within the meaning of CWA Section 502, 33 U.S.C. § 1362 and Miss. Code Ann. §49-17-29, without authorization under an NPDES permit or other exception specified in Section 301(a) of the Act, 33 U.S.C. § 1311(a), in violation of CWA Sections 301, 33 U.S.C. § 1311 and Miss. Code Ann. § 49-17-29.

35. Each day of unpermitted discharges by Jackson referred to in Paragraph 33 constitutes a separate violation of CWA Section 301, 33 U.S.C. § 1311 and Miss. Code Ann. § 49-17-29.

36. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110

Stat. 1321-373 (1996) (28 U.S.C. § 2461 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 of the Code of Federal Regulations (CFR) Part 19, Jackson is liable for a civil penalty of up to $32,500 per day for each violation of CWA Section 301, 33 U.S.C. § 1311, occurring on or after March 16, 2004 and $37,500 per day for each violation occurring after January 12, 2009. Under Miss. Code Ann. §49-17-43, Jackson is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. §49-17-29 occurs.

37. Unless restrained by an order of the Court, Jackson will continue to violate CWA Section 301, 33 U.S.C. § 1311 and Miss. Code Ann. §49-17-29, by discharging untreated sewage from unpermitted discharge points within its sanitary sewer system into "Jackson area waters."

### SECOND CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH STANDARD PERMIT CONDITIONS - PROPER MANAGEMENT, OPERATION, AND MAINTENANCE

38. Paragraphs 1 through 37 are realleged and incorporated herein by reference.

39. On numerous occasions between October 2007 and the date this Complaint was filed, in addition to the discharges referred to in Paragraph 33, Jackson has allowed spills of untreated sewage to occur from various points within its sanitary sewer system that did not reach navigable waters of the United States or waters of Mississippi.

40. From at least October 2007, and continuing through the date this Complaint was filed, Jackson failed to comply with Condition No. T-27 of the

Trahon WWTP NPDES permit, Condition No. T-28 of the Savanna St. WWTP NPDES permit, and Condition No. T-27 of the Presidential Hills WWTP NPDES permit issued by MDEQ to Jackson, by failing to properly operate and maintain all of its permitted facilities, and systems of treatment and control and related appurtenances which are installed or used by Jackson, to achieve compliance with the conditions of the permits, as evidenced, in part, by the discharges and spills referred to in Paragraph 33 and 39.

41. Each day Jackson failed to comply with the proper operation, maintenance, and replacement provision of the NPDES permits issued to it as set forth in Paragraph 40 constitutes a separate violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, and Miss. Code Ann. §49-17-29.

42. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996) (28 U.S.C. § 2461 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 of the Code of Federal Regulations (CFR) Part 19, Jackson is liable for a civil penalty of up to $32,500 per day for each violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, occurring on or after March 16, 2004, and civil penalty of up to $37,500 per day for each violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, occurring on or after January 12, 2009. Under Miss. Code Ann. § 49-17-43, Jackson is liable for a civil

penalty of up to $ 25,000 per day during which a violation of Miss. Code Ann. §49-17-29 occurs.

43. Unless restrained by an order of the Court, Jackson will continue to violate CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342 and Miss. Code Ann. §49-17-29, by failing to properly operate and maintain all of its permitted facilities, and systems of treatment and control and related appurtenances which are installed or used by Jackson, to achieve compliance with the conditions of its permits.

### THIRD CLAIM FOR RELIEF
### FAILURE TO COMPLY WITH EFFLUENT LIMITS IN PERMITS

44. Paragraphs 1 through 43 are realleged and incorporated herein by reference.

45. On numerous occasions, from at least October 2007, and continuing through the date this Complaint was filed, Jackson failed to comply with Section 1 of its NPDES permits by failing to comply with effluent limitations at each of its WWTPs.

48. Each day Jackson discharged effluent that failed to comply with the conditions and effluent limitations established in its NPDES permits from each of its WWTPs is a separate violation of the permits. Sections 301(a) and 402 of the Act, 33 U.S.C. §§ 1311(a) and 1342, and Miss. Code Ann. §49-17-29.

49. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110

Stat. 1321-373 (1996) (28 U.S.C. § 2461 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 of the Code of Federal Regulations (CFR) Part 19, Jackson is liable for a civil penalty of up to $32,500 per day for each violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, occurring on or after March 16, 2004; and a penalty of up to $37,500 per for each violation occurring on or after January 12, 2009. Under Miss. Code Ann. §49-17-43, Jackson is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. §49-17-29 occurs.

50. Unless restrained by an order of the Court, Jackson will continue to violate CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342 and Miss. Code Ann. §49-17-29 by failing to comply with the effluent limitations in the respective NPDES permits for each of its WWTPs.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO REPORT SANITARY SEWER OVERFLOWS

51. Paragraphs 1 through 50 are realleged and incorporated herein by reference.

52. Each of the permits for the three WWTPs and associated sanitary sewer systems contain noncompliance notification requirements (Condition Nos. S-4 and S-5 of the Savanna St. WWTP NPDES permit, Condition Nos. S-7 and S-8 of the Trahon WWTP NPDES permit, and Condition Nos. S-4 and S-5 of the Presidential Hills WWTP NPDES permit).

53. On numerous occasions between October 2007 and the date this Complaint is filed, Jackson failed to provide the required notification, within the timeframes specified by the NPDES permits, of overflows of sewage from its three WWTPs and associated sanitary sewer systems.

54. Each day of each noncompliance for which Jackson failed to comply with the reporting provisions of its NPDES permits constitutes a separate violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, and Miss. Code Ann. §49-17-29.

55. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d); the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. No 101-410, 104 Stat. 890 (1990), amended by Pub. L. No. 104-134, § 31001(s)(1), 110 Stat. 1321-373 (1996) (28 U.S.C. § 2461 note); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75346 (Dec. 11, 2008), codified at Title 40 of the Code of Federal Regulations (CFR) Part 19, Jackson is liable for a civil penalty of up to $32,500 per day for each violation of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, occurring on or after March 16, 2004; and a penalty of up to $37,500 per for each violation occurring on or after January 12, 2009. Under Miss. Code Ann. §49-17-43, Jackson is liable for a civil penalty of up to $25,000 per day during which a violation of Miss. Code Ann. §49-17-29 occurs.

50. Unless restrained by an order of the Court, Jackson will continue to violate the reporting provisions of CWA Sections 301 and 402, 33 U.S.C. §§ 1311 and 1342, and Miss. Code Ann. §49-17-29.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States of America and the State of Mississippi request that the Court enter judgment on their behalf as follows:

A.  Pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and Miss. Code Ann. §49-17-43, order Jackson to undertake a program to achieve permanent and consistent compliance with all terms and conditions of its NPDES permits, the Clean Water Act, the Mississippi Water Quality Control Act, and the regulations promulgated thereunder for all of its WWTPs, including their associated sanitary sewer systems;

B.  Pursuant to Section 309(b) of the Act, 33 U.S.C. §1319(b), assess civil penalties against Jackson of up to $32,500 per day for each day of violation that occurred through January 12, 2009, an up to $37,500 per day for each day of violation that occurred after January 12, 2009, and pursuant to Miss. Code Ann. § 49-17-43, assess civil penalties of up to $25,000 per day during which Jackson violated Miss. Code Ann. §49-17-29;

C.  Grant the United States and the State of Mississippi such other relief as the Court deems appropriate.

Dated: Nov. 20, 2012.

Respectfully submitted,

Ignacia S. Moreno
IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

16

*/s/ Karl J. Fingerhood*
KARL J. FINGERHOOD
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
   Telephone (202) 514-7519

karl.fingerhood@usdoj.gov

GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

SAMUEL LYNN MURRAY
(MS Bar ID No. 3690)
Assistant U.S. Attorney
Southern District of Mississippi
501 E. Court St., Suite 4.430
Jackson, MS 39201
   Telephone: (601) 973-2853
   Fascimile: (601) 965-4023


ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

OF COUNSEL:

WILLIAM B. BUSH, JR.
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303
(404) 562-9813
(404) 562-9538

Dated: October 25, 2012

_____
CHRISTOPHER G. WELLS
Senior Attorney
Office of Pollution Control
Mississippi Department of Environmental Quality
P.O. Box 2261
Jackson, MS 39225
    Telephone: 601-961-5545
    Facsimile: 601-961-5674

ATTORNEY FOR PLAINTIFF STATE OF MISSISSIPPI BY AND THROUGH THE MISSISSIPPI COMMISSION ON ENVIRONMENTAL QUALITY AND THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY