# APPENDIX B

BEFORE THE MISSISSIPPI COMMISSION
ON ENVIRONMENTAL QUALITY

MISSISSIPPI COMMISSION ON
ENVIRONMENTAL QUALITY

COMPLAINANT

VS.   ORDER NO. **6005 11**

JACKSON POTW, PRESIDENTIAL HILLS
PO BOX 17
JACKSON, MISSISSIPPI 39205

RESPONDENT

## AGREED ORDER

COME NOW the Mississippi Commission on Environmental Quality (Commission), acting through the staff and Executive Director of the Mississippi Department of Environmental Quality (MDEQ), Complainant, and the City of Jackson, Respondent, in the above captioned cause and agree as follows:

1.

Respondent owns and operates the Jackson POTW, Presidential Hills facility, located in Hinds County. Complainant reviewed Discharge Monitoring Reports for NPDES Permit No. MS0030295 from December 2009 through September 2010. By letters dated August 4, 2010, November 30, 2010, January 12, 2011, March 8, 2011, and March 24, 2011, Respondent was contacted by Complainant and notified of the following violations:

A. The effluent BOD, 5-day limitation was exceeded during December 2009, January, August, and November 2010, and January -- February 2011.

B. The effluent ammonia limitation was exceeded during January, February, April, June, August, and December 2010 and January – February 2011.

C. The effluent BOD percent removal limitation was not met during December 2009.

D.  The effluent suspended solids percent removal was not met during December 2009 and September 2010.

Subsequent to Complainant's last correspondence regarding effluent violations, Respondent reviewed discharge monitoring reports for March 2011 and advised Complainant the facility exceeded the effluent BOD, 5-day and ammonia nitrogen effluent limitations.

2.

In lieu of a formal enforcement hearing concerning the violation(s) listed above, Complainant and Respondent agree to settle this matter as follows:

A.  Respondent agrees to pay and Complainant agrees to accept a civil penalty in the amount of $22,500.00. Respondent shall pay this penalty to MDEQ within forty-five (45) days after this Agreed Order has been executed by the MDEQ Executive Director, or her designee. The settlement payment above shall be submitted to the following address:

> Mississippi Department of Environmental Quality
> Attn: Mona Varner
> P.O. Box 2339
> Jackson, MS 39225

B.  On or before July 31, 2011, Respondent shall submit a report detailing the steps it intends to take to bring the wastewater treatment facility into compliance with its NPDES permit. The draft report shall be provided for review and comment by MDEQ prior to implementation. At a minimum, this report shall include the following:

1.  A description of all viable options, including operational changes, equipment replacements or upgrades, and infrastructural changes or improvements, available to return the facility to compliance with its NPDES permit requirements.
2.  A cost analysis (including capital improvement and operational and maintenance costs) and time lines for each of the viable options evaluated to bring the wastewater treatment facility into compliance.

3. The option(s) selected by Respondent to be implemented and a description of the basis for that selection.

C. Respondent shall implement its selected option as detailed in the report required by 2.B., or as otherwise modified and agreed upon by Complainant and Respondent. Within 10 days of completion of implementation, Respondent shall submit written documentation to MDEQ of completion.

D. On or before May 31, 2014, Respondent shall have either: (i) complied with the effluent limitations found in its NPDES permit for three consecutive months or (ii) ceased discharging from the Presidential Hills facility. Respondent shall demonstrate compliance through the submission of the required Discharge Monitoring Reports.

3.

Until such time that Respondent demonstrates compliance with its BOD, 5-day, ammonia nitrogen, BOD % removal, and total suspended solids % removal, but no later than May 31, 2014, Respondent shall comply with the following interim effluent limitations:

| Parameter | Quantity/ Loading | Quantity/ Loading | Conc./ Quality | Conc./Quality | Frequency | Months |
|---|---|---|---|---|---|---|
| BOD, 5-day | 94 lbs/day, Monthly Avg | 141 lbs/day, Max Wkly Avg | 15 mg/l, Monthly Avg | 22.5 mg/l, Max Wkly Avg | Monthly | May - Oct |
| Ammonia Nitrogen | 31 lbs/day Monthly Avg | 47 lbs/day Max Wkly Avg | 5 mg/l, Monthly Avg | 8 mg/l, Max Wkly Avg | Monthly | May - Oct |
| BOD, 5-day | 125 lbs/day, Monthly Avg | 188 lbs/day, Max Wkly Avg | 20 mg/l, Monthly Avg | 30 mg/l, Max Wkly Avg | Monthly | Nov – Apr |
| Ammonia Nitrogen | 125 lbs/day Monthly Avg | 188 lbs/day Max Wkly Avg | 20 mg/l, Monthly Avg | 30 mg/l, Max Wkly Avg | Monthly | Nov – Apr |
| BOD, % Removal | ******* | ******* | 65%, Minimum | ******* | Monthly | Jan - Dec |
| TSS, % Removal | ******* | ******* | 65%, Minimum | ******* | Monthly | Jan - Dec |

During the period that the interim limitations are applicable, Respondent agrees to pay to Complainant a stipulated penalty of $100 for each violation of an interim limitation.

4.

If the Respondent fails to comply with any of the requirements established in Paragraphs 2.B.-C. of this Agreed Order, the Respondent shall pay a stipulated penalty of $5,000 per day of violation of the relevant deadline. If the Respondent fails to achieve compliance as specified in Paragraph 2.D. of this Agreed Order, the Respondent shall pay a stipulated penalty of $20,000.

5.

The per-day stipulated penalties referenced in Paragraph 4 above shall apply and accrue for a period of 60 days from the relevant deadline, after which time the Commission reserves the right to conduct a separate enforcement action concerning any violation by Respondent of the requirements established in Paragraphs 2.B-C. of this Agreed Order. If the Commission conducts a separate enforcement action concerning a violation of any of the requirements established in Paragraphs 2.B.-C., the penalties sought and recovered in such separate enforcement action shall be in addition to any stipulated penalties which accrue during the 60-day period following the relevant deadline. In such separate enforcement action, the Commission may seek penalties, injunctive relief, or other appropriate relief different from or in the excess of the amount of stipulated penalties included in this Agreed Order, up to and including the statutory maximum penalty.

6.

Nothing in this Agreed Order shall limit the rights of MDEQ or the Commission in the event Respondent fails to comply with this Agreed Order. The Agreed Order shall be strictly construed to apply to those matters expressly resolved herein.

7.

Nothing contained in this Agreed Order shall limit the rights of MDEQ or the Commission to take enforcement or other actions against Respondent for violations not addressed herein and for future violations of environmental laws, rules, and regulations.

8.

Respondent understands and acknowledges that it is entitled to an evidentiary hearing before the Commission pursuant to Miss. Code Ann. Section 49-17-31 (Rev. 2003), and that it has made an informed waiver of that right.

ORDERED, this the __23__ day of __August__, 2011.

MISSISSIPPI COMMISSION ON<br>
ENVIRONMENTAL QUALITY

BY: _____<br>
TRUDY D. FISHER<br>
EXECUTIVE DIRECTOR<br>
MISSISSIPPI DEPARTMENT<br>
OF ENVIRONMENTAL QUALITY

AGREED, this the _____ day of _____, 2011.

JACKSON POTW, PRESIDENTIAL HILLS

BY: _____

TITLE: _Mayor_____

STATE OF _Mississippi_____

COUNTY OF _Hinds_____

PERSONALLY appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named _Harvey Johnson Jr_ who first being duly sworn, did state upon his/her oath and acknowledge to me that he/she is the _____ of Jackson POTW, Presidential Hills and is authorized to sign and enter this Agreement.

SWORN AND SUBSCRIBED BEFORE ME, this the _12_ day of _August_, 2011.

_____
NOTARY PUBLIC

My Commission expires: _____

[Notary Seal: STATE OF MISSISSIPPI, BRENDA PREE, ID# 33859, NOTARY PUBLIC, Comm. Expires Sept. 19, 2011, HINDS COUNTY]