IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| and the STATE OF MISSISSIPPI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:12-cv-790-TSL-RPM |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER FOR |
| THE CITY OF JACKSON, MISSISSIPPI, | ) | CONFIDENTIALITY OF |
| | ) | SETTLEMENT DISCUSSIONS |
| Defendant. | ) | |
| | ) | |

Having considered the parties Joint Motion for Confidentiality Order, and to protect the confidentiality of certain information and facilitate discovery and resolution in this matter, for good cause appearing, and pursuant to its inherent authority, Fed. R. Civ 26(c), the parties' joint motion [Doc. 17] is granted and the Court ORDERS as follows:

1. For purposes of this Order "Settlement Communications" means: (a) oral settlement discussions among the Parties concerning the Federal Claims and State Claims (collectively "Subject Claims") that take place after the Effective Date and (b) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to the Subject Claims, (ii) exchanged by and among the Parties in settlement negotiations with respect to the Subject Claims after the Effective Date of this Stipulated Order, and (iii) labeled in accordance with Paragraph 2.

2. Defendant City of Jackson previously submitted certain documents solely to the United

1

States with the notation that, among other things, they were "Confidential." These documents were provided after the October 31, 2021 Effective Date of this Order and shall be subject to and protected by this Confidentiality Order.

3. All other written or electronic materials that a Party wishes to have treated as Settlement Communications under this Order shall be conspicuously labeled "Settlement Communication - Subject to Confidentiality Order" at the time of the exchange; provided however, that any other Party may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication within the meaning of this Order.

4. Any trade secrets or commercial or financial information provided to the United States by the City that it wishes to protect as confidential business information shall be provided and managed in accordance with 40 C.F.R. Part 2. Any trade secrets or other commercial or financial information provided to Mississippi by the City that the City wishes to protect as confidential shall be provided and managed in accordance with Miss. Code Ann. § 49–17–39. To the extent that such information is also claimed as a Settlement Communication pursuant to this Order, such information shall also be handled in accordance with this Order.

5. Except as otherwise provided in this Order, the Party receiving Settlement Communications under this Order shall keep them confidential and not disclose them to persons or entities not a Party to this Order. The Parties shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications and to retain written or electronic material in a secure manner.

6. A representative of a Party who obtains Settlement Communications under this Order may share such information with those attorneys or employees of the receiving Party who in the

opinion of such Party are responsible for these settlement negotiations or for whom such information relates to their official duties, provided that any person with whom such information is shared under this Paragraph shall be specifically made aware of this Order. A representative of a Party who obtains Settlement Communications under this Order also may share such information with those consultants and experts of the Party who are assisting in the negotiations and who, in the opinion of such Party, require access, provided that any person with whom such information is shared is specifically made aware of, and, prior to receiving the information, agrees in writing to be bound by, the provisions of this Order as if he/she were a Party.

7. Nothing in this Order shall limit the authority of any Party to release information to any person or waive any claim of privilege with respect to any Settlement Communication which does not discuss, refer to, or reveal the substance of these negotiations and of which that Party is the sole originator. Any Settlement Communication subject to this Order may be disclosed to a third party when the provider of the Settlement Communication has given express written permission prior to such disclosure, subject to the notice requirements of Paragraph 9.

8. Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this case. Further, this Order shall not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the Parties' negotiations of the Subject Claims.

9. In the event a Party receives a subpoena, court order, or, in the case of the United States, a FOIA request for Settlement Communications or, in the case of Mississippi, a Public Records request for Settlement Communications, such Party shall notify the other Parties as soon as

3

possible of the request and of that Party's proposed response.

10. Nothing in this Order limits the full application of Fed. R. Evid. 408 to Settlement Communications.

11. Nothing in this Order limits the right of the United States to take any action to enforce the laws of the United States or to protect public health, safety, welfare or the environment. Further, nothing in this Order limits the United States and Mississippi from complying with the requirements or established government policies of public participation regarding settlement agreements.

12. Any Party may terminate settlement negotiations at any time, and may apply to this Court to terminate this Order; provided, however, that a Party shall notify the other Parties in writing of its intention to make application to the court to terminate this Order at least10 days in advance of making such application; and provided further, that the confidentiality and notice obligations imposed under this Order shall remain in full force and effect, without regard to whether this Order has been terminated, with respect to all Settlement Communications made or exchanged prior to the date of termination.

13. The Effective Date of this Order shall be October 31, 2021, and this Order shall be deemed effective as of that date.

**SO ORDERED AND ADJUDGED**, this the 13th day of December 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE