IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

V.                                                        CIVIL ACTION NO. 3:12-cv-000790-HTW-LGI

**THE CITY OF JACKSON, MISSISSIPPI**
                                                                                         **DEFENDANT**

**REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SUIT**

When someone's water and sewage leaks onto your property and causes millions of dollars in damages, there is a remedy. The appointment of a receiver does not negate this commonsense proposition.

Lakeland Seniors intends to seek a remedy in state court against the City of Jackson, UMMC, and Jxn Water. It believes all three entities bear some responsibility for damage caused to its parking lot and building. So, Lakeland Seniors served appropriate notice on these entities, consistent with the Mississippi Tort Claims Act.

After opposing counsel received that notice, counsel for the parties conferred. Lakeland Seniors then filed this motion for leave to sue Jxn Water, the corporation formed to carry on the business of the City of Jackson's water system, and now its sewer system. There is language in this Court's November 29, 2022 order (the "Interim Order") and the more recent order concerning the sewer system granting a limited immunity to Mr. Ted Henifin[1] and his agents. Opposing counsel said that it was this Court's intent for that immunity to extend to Jxn Water.

---

[1] For simplicity, this brief will refer to "Mr. Henifin" or "the receiver," instead of the "Interim Third-Party Manager." The brief will also refer to the limited immunity in the "Interim Order" when referring to the November 29, 2022 order, the amendment to that order, and the September 30, 2023 order concerning the sewer system.

1

Lakeland Seniors does not know the Court's intent. It can only read the Court's orders and apply their plain meaning. It is not plain that a corporation formed under Mississippi law is the "agent" of an individual man. And it is therefore not plain that the Interim Order's limited immunity applies to Jxn Water. Also, the Interim Order includes the exception to immunity stated in 28 U.S.C. § 959(a) for "carrying on business." Lakeland Seniors' conflict with Jxn Water concerns Jxn Water's ordinary business operations, placing the conflict comfortably within the Section 959(a) exception. For these reasons, Lakeland Seniors doubts that leave of Court is necessary to sue Jxn Water.

If leave is necessary, the Court should grant leave. The *Barton* doctrine immunity that Jxn Water cites is not a high hurdle, not nearly as high as Jxn Water makes it sound. The Court can only discretionarily deny leave for claims that lack all foundation. Lakeland Seniors' claim has a foundation. The company has observed and documented water and sewer leaks that have caused substantial property damage. To deny Lakeland Seniors even a chance at remedying that damage would be to deprive Lakeland Seniors of property without due process of law.

## Reply Argument

**I. Lakeland Seniors seeks leave out of respect to the Court; leave is not strictly necessary.**

Lakeland Seniors filed this motion "out of an abundance of caution and out of respect for this Court's orders." Doc. 50, p. 2. But leave to sue is not strictly necessary because, first, Jxn Water is not included in the limited immunity in this Court's Interim Order, and second, Lakeland Seniors asserts torts that Jxn Water is committing in its ordinary business.

### a. The Interim Order's limited immunity does not include Jxn Water.

The Court's Interim Order does not expressly require leave to sue Jxn Water. Instead, the Order requires leave to sue Mr. Henifin or his *agents*. *See* Doc. 6, ¶ 9 (3:22-cv-00686-HTW-

2

LGI); *see also* Doc. 70, ¶ 8. Jxn Water—a corporation lawfully formed under Mississippi law—insists that it is Mr. Henifin's agent because an amendment to the Interim Order and other related filings by the primary parties recite that Mr. Henifin will work "through" Jxn Water (and everyone knows that principals work through their agents). *See* Doc. 23, ¶ 4 (3:22-cv-00686-HTW-LGI).

This casual use of the word "through" does not upend centuries of corporate law. Except in rare circumstances, a "corporation is a distinct legal entity that can act only . . . through its directors, officers and agents." 1 *Fletcher Cyclopedia of the Law of Corporations* § 30 (Sept. 2023 Update). When a corporation—like Jxn Water—allows a director—like Mr. Henifin—to conduct business on its behalf, the director "is necessarily an agent" of the corporation. *Restatement (Second) of Agency* § 14C, cmt. b (Oct. 2023 Update).

One might casually say that Elon Musk works "through" Tesla or that Henry Ford worked "through" Ford Motor Company. But casual speech doesn't alter the law: the Tesla and Ford corporations are distinct legal entities, and individual men are those entities' agents, not the other way around. So too with Jxn Water and Mr. Henifin. That is the natural consequence of forming a corporation. Because Jxn Water is not an agent *of* Mr. Henifin it enjoys no limited immunity under the Interim Order.

    b. **The Interim Order's limited immunity does not include wrongs committed in ordinary business operations.**

The Interim Order's limited immunity is subject to 28 U.S.C. § 959(a). *See* Doc. 6, ¶ 9 (3:22-cv-00686-HTW-LGI). Under that statute, "receivers . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with" the "property" entrusted to them. *Id*. When a wrong is committed by a "business as an operating enterprise," a receiver's immunity does not apply. *In re Chain*, 614 B.R. 512,

3

518–19 (W.D. Pa. 2020); *see also Thompson v. Texas Mexican Ry. Co.*, 328 U.S. 134, 138 (1946); *Valdes v. Feliciano*, 267 F.2d 91, 94 (1st Cir. 1959).

Fixing leaks in pipes, meters, and hydrants is part of the ordinary business of a water department or sewer department. Therefore, a wrongful act or omission in the fixing of leaks (when that act or omission causes harm to a third party) is not cloaked in immunity. Lakeland Seniors does not second-guess the receiver's performance *qua* receiver. It does not claim that he has misspent the water department's money, that he entered an improvident contract, etc.—*i.e.*, the sort of things to which immunity applies. Rather, Lakeland Seniors asserts a property injury personal to it, one that has directly resulted from the water and sewer systems' operational failure. If immunity applied to that sort of failure, then it would gut 28 U.S.C. § 959(a) of any meaning.

## II.   Lakeland Seniors has a *prima facie* case against Jxn Water.

Even if the Court rejects the argument above and holds that leave to sue is required, the Court should grant Lakeland Seniors leave. Jxn Water exaggerates the legal standard for leave to sue a receiver. "The discretion . . . to refuse to grant leave to sue the receiver in other courts is not an absolute but a regulated discretion which cannot be abused, and . . . between state and federal courts . . . permission to sue, unless upon strong considerations, is practically never refused." *Texas ex rel. Permanent Sch. Fund v. Campbell*, 120 F.2d 191, 193 (5th Cir. 1941) (citations omitted). "[P]ermission ordinarily should be granted unless it is clear that the claim is without foundation." *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975) (citing *Dunscombe v. Loftin*, 154 F.2d 963, 966 (5th Cir. 1946)). There is foundation for Lakeland Seniors' claim: damage caused to its property by leaking water and sewer infrastructure.

### a. Water infrastructure is leaking.

Water is flowing from a "meter," a "hydrant," and a "water line" from east to west, onto Lakeland Seniors' property. Doc. 50-1. This is not mere "groundwater," in the sense that that term is used in Jxn Water's response. It is water "leaking" from identified water infrastructure. *Id*. The water appears to be leaking through the ground that separates the two properties, but its ultimate sources are water infrastructure components. Lakeland Seniors personnel have observed this excess, leaking water. And Lakeland Seniors has paid to have the water professionally tested and analyzed. *Id*.

These leaks have not been fully resolved. A Lakeland Seniors representative visited the property as recently as August 16, 2023. Despite no rain in the two weeks preceding his visit,[2] the areas around the hydrant and meter were still damp, both visibly and to the touch:

 

Ex. 1 (Vondenberger Decl.). ¶¶ 3-5.

Jxn Water is responsible for these ongoing leaks under the Court's Interim Order and its amendment. Mr. Henifin, now through Jxn Water, operates, maintains, manages, and controls the "System." Doc. 6, ¶ 6(a) & Doc. 23, ¶ 4 (3:22-cv-00686-HTW-LGI). That defined term includes

---

[2] https://www.wunderground.com/history/monthly/us/ms/jackson

4874-6366-3235.2

the City of Jackson's "drinking water system," its "surface water system," and its "groundwater system." Doc. 6, p. 1 (3:22-cv-00686-HTW-LGI). Failures in one or more of those systems are causing significant property damage to Lakeland Seniors.

### b. Sewer infrastructure is leaking.

Sewer water is also flowing from east to west from a "broken sewer line." Doc. 50-1. Again, Lakeland Seniors has paid to have this professionally tested and analyzed. *Id*. Collected samples tested positive for bacteria commonly found in human sewage. Ex. 1 (Vondenberger Decl.). ¶¶ 6-7. This too is an ongoing leak that has not been fully resolved. Samples were taken as recently as late-May 2023, and Lakeland Seniors is not aware of any repairs made to address the leak since then. *Id*. ¶ 7.

Lakeland Seniors understands that Jxn Water may not have been responsible for the sewer system when Lakeland Seniors filed its motion.[3] That changed on September 30, 2023: Mr. Henifin, through Jxn Water, now operates, maintains, manages, and controls the "Sewer System." Doc. 70, ¶¶ 3-4.

* * *

The Court should grant leave to sue Jxn Water. Lakeland Seniors has alleged, and has evidence of, a water leak and sewer leak damaging its property. These allegations and evidence support *prima facie* theories of trespass, nuisance, and negligence. It is unclear what more Jxn Water thinks Lakeland Seniors must show to open the courthouse's doors. The immunity the Court granted is not absolute; it must yield to claims that have some foundation. *Anderson*, 520 F.2d at 1029. This is such a claim.

---

[3] *But see* Doc. 44, p. 3 (United States' 8/11/23 Status Report) ("The United States understands that the Interim Third-Party Manager appointed in the Stipulated Order has taken operational control of the sewer system as of July 31, 2023.").

Whether Jxn Water's negligence in allowing ongoing, property-destroying leaks is "gross" should not be resolved by this Court. *E.g.*, *In re VistaCare Grp., LLC*, 678 F.3d 218, 234–35 (3d Cir. 2012) (reasoning that the "not without foundation" inquiry does not permit an inquiry into the culpability of a defendant's state of mind). The Interim Order cannot "deprive" Lakeland Seniors of its "right to a jury trial." 28 U.S.C. § 959(a); Miss. Const., Art. 3, § 31 ("The right of trial by jury shall remain inviolate."). And that Order's limited immunity therefore cannot deprive Lakeland Seniors of otherwise-viable legal theories, like trespass, nuisance, and negligence. The appointment of a receiver does not shut the courthouse door so tightly.

## III. The Interim Order cannot sweep away due process.

The Interim Order should not be construed the due process-infringing manner that Jxn Water suggests. *Miller v. French*, 530 U.S. 327, 336 (2000) ("[C]onstitutionally doubtful constructions should be avoided where 'fairly possible.'"). When due process concerns are raised, the Court considers whether there is a "protected interest" that could be deprived and "what process [is] due." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). Lakeland Seniors' claim against Jxn Water is a protected interest. *Id.* at 428 (considering it "settled" that "a cause of action is a species of property" protected). And the process that is due for Lakeland Seniors' claim is a state court action. The Interim Order cannot require the Court to decide whether leave should be granted because Lakeland Seniors' case is excepted from the leave requirement under 28 U.S.C. § 959(a), as explained above. And this Court does not otherwise have jurisdiction to hear or adjudge the merits of Lakeland Seniors' case; the case presents no federal question and the parties are not diverse. The only process in which Lakeland Seniors can have the merits of its case adjudicated is a lawsuit in state court.

7

If the Court nevertheless considers Lakeland Seniors' case under the Interim Order and denies leave, then Lakeland Seniors' protected property will have been taken without just compensation. Both the United States and the Mississippi Constitution safeguard Lakeland Senior's private property from takings. MS Const. Art. 3, § 17; US Const amend. V.

"[T] existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'" *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1988) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). In Mississippi, a cause of action is a recognized property interest. *Dowdle Butane Gas Co. v. Moore*, 831 So. 2d 1124, 1127 (Miss. 2002); Miss. Code § 1–3–41.

A court may deny a party leave to sue a receiver for an act not excepted under 28 U.S.C. § 959(a). But a court does not have discretion to grant or deny leave where, as here, the Section 959(a) exception applies. Nor can the Court pronounce a super-immunity that eliminates causes of action otherwise available under *Barton* doctrine precedent. The Court's discretion in applying the "without foundation" standard is a "regulated discretion." *Campbell*, 120 F.2d at 193. If the Court exercises discretion broader than what Congress authorized, then the denial of leave to sue is a taking. Lakeland Seniors' right to its claim will be scuttled without due process.

**IV.    Lakeland Seniors' prior communications are not relevant to this motion.**

Jxn Water's response repeatedly faults Lakeland Seniors' prior counsel for not adequately communicating. Lakeland Seniors hired its present counsel at the end of July 2023. Lakeland Seniors' present counsel immediately dismissed a lawsuit filed a month earlier and served proper notice under the Mississippi Tort Claims Act. Ex. 2 (8/3/23 Order of Dismissal Without Prejudice); Doc. 50-1. Since then, present counsel has also shared with Jxn Water's counsel water testing results from the property, photographs, and a spreadsheet itemizing the damages

8

suffered from the ongoing water and sewer leaks. Ex. 3 (9/15/23 Email). What happened in the past is in the past. Jxn Water has more than enough information now and has received adequate communication.

In any event—and contrary to Jxn Water's response—the past communications have no bearing on the substantive merit of Lakeland Seniors' claim. Jxn Water is responsible for ongoing issues with its infrastructure, including invasions of water and sewer water harming Lakeland Seniors' property. Jxn Water has been on notice of those issues for months and has not resolved them.

## Conclusion

The Court should either grant Lakeland Seniors leave to sue or hold that leave is unnecessary.

Respectfully submitted this 4th day of October, 2023.

> */s/ Simon T. Bailey*
> Simon T. Bailey (MBN 103925)
> Michael C. Williams (MBN 104537)
> Jonathan M. Barnes (MBN # 105659)
> sbailey@bradley.com
> mcwilliams@bradley.com
> jbarnes@bradley.com
>
> BRADLEY ARANT BOULT CUMMINGS LLP
> Suite 1000, One Jackson Place
> 188 East Capitol Street
> Post Office Box 1789
> Jackson, MS 39215-1789
> Telephone: (601) 948-8000
> Facsimile: (601) 948-3000

## CERTIFICATE OF SERVICE

4874-6366-3235.2

I hereby certify that on October 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                */s/ Simon T. Bailey*
                                                Simon Bailey