**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and the STATE OF MISSISSIPPI,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF JACKSON, MISSISSIPPI,<br><br>    Defendant. | Case No. 3:12-cv-790-HTW-LGI<br>(Clean Water Act Case) |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF JACKSON, MISSISSIPPI,<br><br>    Defendant. | Case No. 3:22-cv-00686-HTW-LGI<br>(Safe Drinking Water Act Case) |

**JXN WATER, INC.'S MOTION FOR LEAVE TO FILE A SURREPLY
IN OPPOSITION TO LAKELAND SENIORS, LLC'S
<u>MOTION FOR LEAVE TO FILE SUIT</u>**

JXN Water, Inc. ("JXN Water"), through counsel for the Interim Third-Party Manager Ted Henifin (the "ITPM"), moves this Court for leave to file a Surreply in Opposition to Lakeland Seniors, LLC's ("Lakeland Seniors") Motion for Leave to File Suit.[1]

---

[1] Due to the brevity of this Motion, JXN Water asks that the Court waive the requirement to file a separate memorandum in support.

1. On September 11, 2023, Lakeland Seniors filed a Motion for Leave to File Suit against JXN Water. [Doc. 50]. Lakeland Seniors provided its allegations that a sewer line, water meter, and fire hydrant have discharged onto Lakeland Seniors property. In the motion, Lakeland Seniors argued that the "prior approval" protection in Paragraph 9(b) of the Interim Stipulated Order ("ISO") does not apply to JXN Water because it is not an ITPM Agent. Based upon that argument, Lakeland Seniors asked this Court to grant leave to file suit against JXN Water.

2. On September 27, 2023, JXN Water filed a response in opposition. [Doc. 65]. The response explained why JXN Water is covered by the ISO as an ITPM Agent, provided the standard by which this Court reviews a Motion for Leave to File Suit against the ITPM or his Agent, and demonstrated why the Motion for Leave fell short of that standard.

3. On October 4, 2023, Lakeland Seniors filed its reply. [Doc. 71]. The reply reiterated its sole argument from the Motion, introduced new evidence, including a declaration and photographs, and made entirely new arguments.

4. Lakeland Seniors' new arguments are that leave is not required because of a statutory exception under 28 U.S.C. § 959(a), that enforcement of the "prior approval" provision and other immunities provided by the ISO (and the subsequently entered Stipulated Order on the Sewer System) would violate Lakeland Seniors' due process rights, and that, based on the new evidence provided, Lakeland Seniors meets the standard for granting its Motion for Leave. Lakeland Seniors' new evidence includes photographs from the purportedly leaking water meter and hydrant and a sworn declaration from David Vondenberger based on his visits to the site.

5. As an initial point, this Court may simply ignore Lakeland Seniors' new arguments and evidence submitted with the reply. Case law in this district and in the Fifth Circuit has provided the oft-quoted rule that the court "does not consider arguments raised for the first

time in reply briefs." *Payne v. Univ. of Southern Miss.*, 2014 WL 1355449, at *1 (S.D. Miss. Apr. 7, 2014) (quoting *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008); *Johnson v. Watkins*, 803 F. Supp. 2d 561, 575 n.3 (S.D. Miss. 2011). Lakeland Seniors could have presented all arguments and evidence in its initial motion and chose not to do so.

6. Alternatively, if this Court is inclined to consider Lakeland Seniors' newly introduced arguments, JXN Water requests leave to file the attached surreply in response to its new arguments along with the Declaration of Edward "Ted" Henifin. *See* Exh. 1 (Proposed Surreply in Opposition to Motion for Leave); Exh. 2 (Declaration of Ted Henifin). Courts in this district routinely grant leave to file surreplies where, as here, a plaintiff's reply raises new arguments. *See, e.g.*, *Brown v. Wiggins*, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019) (Wingate, J.) (permitting surreply to address new declarations in support filed with reply brief); *State Auto Prop. Cas. Ins. Co. v. Pendleton*, 2017 WL 5659992, at *2 (S.D. Miss. Aug. 18, 2017) ("Because Defendants raise entirely new grounds in support of their motion for extension of time, the Court will grant State Auto's motion for leave to file a sur-reply."); *Kennedy v. Jefferson Cnty., Miss., by and through Bd. of Supervisors*, 2014 WL 12773803, at *1 (S.D. Miss. Oct. 28, 2014) (permitting surreply to address "an argument raised for the first time" in reply).

7. Counsel represents that this surreply was prepared after visits to the site and is not intended for purposes of delay.

For the reasons presented, if this Court chooses to consider the arguments and evidence raised for the first time in Lakeland Seniors' reply, JXN Water requests permission to file the attached Surreply along with the Declaration referenced in the brief.

Respectfully submitted this the 31st day of October, 2023.

/s/ *Mitch McGuffey*
Charles Mitchell McGuffey (MSB #104986)
Malissa Wilson (MSB # 100751)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
Telephone: (601) 690-8600
Facsimile: (601) 960-8613
mitch.mcguffey@formanwatkins.com
malissa.wilson@formanwatkins.com

*Counsel for ITPM*

OF COUNSEL:

F. Paul Calamita, III (*admitted PHV*)
AQUALAW, PLC
6 South 5th Street
Richmond, VA 23219
Telephone: (804) 716-9021
Facsimile: (804) 716-9022
paul@aqualaw.com