IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**                             **CIVIL ACTION NO. 3:12-cv-000790-HTW-LGI**

**THE CITY OF JACKSON, MISSISSIPPI**
                                                                                             **DEFENDANT**

**LAKELAND SENIORS LLC'S RESPONSE TO JXN WATER, INC.'S MOTION FOR
LEAVE TO FILE A SURREPLY IN OPPOSITION TO LAKELAND SENIORS, LLC'S
<u>MOTION FOR LEAVE TO FILE SUIT</u>**

Lakeland Seniors, LLC (Lakeland Seniors) responds to Jxn Water, Inc.'s (Jxn Water) motion for leave to file a surreply [Doc. 75] as follows.[1]

Lakeland Seniors filed its motion for leave to file suit [Doc. 50] on September 11, 2023, out an abundance of caution and a respect for this Court's orders. Lakeland Seniors does not believe that the immunity provided by under this Court's November 29, 2022 Order (Order) applies to Jxn Water or that leave from this Court is required before filing suit against Jxn Water. Although Lakeland Seniors will litigate its motion for leave to file suit through finality, Lakeland Seniors cannot wait for such finality before filing suit in state court.

A 90-day period is currently running under the Mississippi Tort Claims Act. *See* Miss. Code § 11-46-11. That period runs today, November 9, 2023. And it runs not only on Lakeland Seniors' claims against Jxn Water, but also on its claims against other defendants. Accordingly, Lakeland Seniors intends to file a placeholder complaint in state court on November 10, 2023

---

[1] Given this response's length and nature, Lakeland Seniors asks that the Court waive any requirement of a separate memorandum brief.

against all defendants, including Jxn Water, as a necessary protective measure to prevent any applicable statute of limitations from running.

Turning to Jxn Water's motion, Jxn Water is wrong that "this Court may simply ignore Lakeland Seniors" reply brief. Doc. 75, ¶ 5. Lakeland Seniors did nothing more than rebut the arguments in Jxn Water's response. Regardless, the Court should consider the arguments in Lakeland Seniors' reply for three reasons:

*First*, Jxn Water's response "brief opened the door for a new argument in reply." *Williams v. City of Jackson*, 2022 WL 4715706, at *8 (S.D. Miss. Sept. 30, 2022). Instead of limiting its opposition to the argument Lakeland Seniors raised in its motion, Jxn Water asked the Court not only to hold that the Order provided immunity to Jxn Water, but it also to deny Lakeland Seniors' motion under the *prima facie* case standard. Doc. 65 at 1. It was Jxn Water who first inserted this new issue. Accordingly, Lakeland Seniors had the right to address Jxn Water's new argument. Jxn Water's response "brief opened the door for [Lakeland Seniors'] new argument[s] in reply." *Williams*, 2022 WL 4715706, at *8.

*Second*, the Court can consider a broader reply brief when "each side submit[s] an additional brief beyond [the] reply." *Jackson Women's Health Org. v. Currier*, 2019 WL 418550, at *4 (S.D. Miss. Feb. 1, 2019). That has happened here. Jxn Water submitted a proposed surreply. Doc. 75-1. And Lakeland Seniors is submitting a proposed surreply of its own. Because both parties have submitted an additional brief beyond the reply, it is proper for the Court to consider all arguments made. Everyone has had his say.

*Third*, and finally, this Court gives greater latitude to the scope of briefing when the briefing presents an issue that "is jurisdictional and [] must be resolved." *Williams v. City of Jackson*, 2022 WL 4715706, at *8 (S.D. Miss. Sept. 30, 2022). Jxn Water believes the issues

2

briefed are jurisdictional. Doc. 12-1 at 8. While Lakeland Seniors disagrees, it has no choice but to address the supposed jurisdictional issues.

All that said, Lakeland Seniors does not oppose Jxn Water's request for leave to file a surreply in opposition to Lakeland Seniors' motion for leave. However, Jxn Water's surreply also raises new arguments and submits new evidence, including photographs and an affidavit of Ted Henifin. Doc. 75-2. So, if the Court considers Jxn Water's surreply, including its new arguments and new evidence, then it should also consider Lakeland Seniors' further surreply because Lakeland Seniors is entitled to have the last word on its motion. *Brown v. Wiggins*, No. 3:18-CV-487-HTW-LRA, 2019 WL 3723628, at *2 (S.D. Miss. Aug. 7, 2019) ("To allow the movant to have the last word in this matter as contemplated by Rule 7(b)(4), [the movant] is accorded the opportunity to file a response to the sur-reply if he so chooses."); *Jorge v. Atl. Hous. Found., Inc.*, 2022 WL 6250698, at *4 (N.D. Tex. Oct. 7, 2022) (stating a "sur-reply (or sur-surreply) functions here as a reply through which a movant or applicant appropriately has the last word on a matter") (citations and quotation marks omitted).

Accordingly, Lakeland Seniors is filing contemporaneously a motion for leave to file a surreply in support of its motion for leave to file suit with its proposed surreply attached.

Respectfully submitted this 9th day of November, 2023.

>*/s/ Simon T. Bailey*
>Simon T. Bailey (MBN 103925)
>Michael C. Williams (MBN 104537)
>Jonathan M. Barnes (MBN # 105659)
>sbailey@bradley.com
>mcwilliams@bradley.com
>jbarnes@bradley.com
>
>BRADLEY ARANT BOULT CUMMINGS LLP
>Suite 1000, One Jackson Place
>188 East Capitol Street
>Post Office Box 1789

Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Simon T. Bailey*
Simon Bailey