IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**                            **CIVIL ACTION NO. 3:12-cv-000790-HTW-LGI**

**THE CITY OF JACKSON, MISSISSIPPI**
                                                                                             **DEFENDANT**

**LAKELAND SENIORS LLC'S SURREPLY
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUIT**

Lakeland Seniors, LLC (Lakeland Seniors) submits this surreply in support of its motion for leave to file suit against Jxn Water, Inc. (Jxn Water) [Doc. 50].

**Surreply Argument**

**I.**      **Jxn Water is a corporation lawfully formed under Mississippi law.**

The Court's Interim Order (and its amendment) does not require leave to sue Jxn Water, only Mr. Ted Henifin or *his agents*. And Jxn Water is not Mr. Henifin's agent. Instead, Mr. Henifin is the director and registered agent of Jxn Water. *See* Doc. 50 at 2; Doc. 65 at 2-3.

On December 7, 2022, Mr. Henifin filed Jxn Water's Articles of Incorporation with the Mississippi Secretary of State. **Ex. A** – Jxn Water Articles of Incorporation. In those articles, Mr. Henifin certified he was the "registered agent" of Jxn Water. *Id.* On January 20, 2023, Mr. Henifin filed Jxn Water's 2023 Corporate Annual Report with the Mississippi Secretary of State, in which he certified the same information and that he is the Director of Jxn Water. **Ex. B** – Jxn Water 2023 Corporate Annual Report.

Under Mississippi law, these public filings and representations to the Mississippi Secretary of State mean that Jxn Water has its own individual "existence," Miss. Code § 79-4-2.03, and that Jxn Water's powers are "exercised by or under the authority of" Mr. Henifin as a



director, *id*. § 79-4-8.01. Lakeland Seniors is entitled to rely on these public filings, and on the legal effect that attends the formation of a corporation under Mississippi law.

**II.     The Interim Order's limited immunity does not include Jxn Water's wrongs committed in ordinary water and sewer (business) operations.**

Even if Jxn Water is included in the Interim Order's limited immunity, then under 28 U.S.C. § 959(a) that immunity does not apply to Lakeland Seniors' claims, because they result from Jxn Water's wrongs committed in its ordinary business operations (maintaining and operating the water and sewer systems). Doc. 65 at 3-4.

In its surreply, Jxn Water argues that Lakeland Seniors' claims result not from Jxn Water's ordinary business operations, but instead from the mere fact that Mr. Henifin "took possession" of the water and sewer systems. Doc. 75-1 at 4-6.

Jxn Water's position is once again incompatible with Mr. Henifin's representations to the Mississippi Secretary of State in forming Jxn Water. Jxn Water's corporate purpose is the operation and maintenance of "water supply and irrigation systems," "for profit." **Ex. A.** If the operation and maintenance of the water and sewer systems (fixing leaks in pipes, meters, and hydrants) is not Jxn Water's ordinary business operations, what else could be?

Jxn Water offers no real response to that question. Instead, its tries to analogize Lakeland Seniors' claims with those in *OHM Systems, Inc. v. Park Place Corp.*, 2020 WL 2572203 (S.D. Ohio May 21, 2020). From *OHM Systems*, Jxn Water argues 28 U.S.C. § 959(a) does not authorize Lakeland Seniors' claims because they arise not from any act or omission of Jxn Water, but "solely because [Jxn Water] took over for the City of Jackson." Doc. 75-1 at 5 (citing *OHM Sys., Inc. v. Park Place Corp.*, 2020 WL 2572203, at *6 (S.D. Ohio May 21, 2020). Jxn Water's reliance on *OHM Systems* is misplaced.

OHM Systems sued both Park Place and its receiver. *Id.* at *1. Apparently, pre-receivership, Park Place breached its contract with OHM Systems. *Id.* Under that contract, OHM Systems provided both services and software to Park Place. *Id.* OHM Systems sought both monetary damages and the software's return. *Id.* OHM Systems sued the receiver because the Park Place's assets, including the software, were under the receiver's control. *Id.* However, the court granted the receiver's motion to dismiss because the OHM System did not sue the receiver based on the receiver's own "acts or omissions," but merely because the receiver was "in possession" of Park Place's assets. *Id.* at *6.

*OHM Systems* has no bearing here for three reasons. *First*, the court found 28 U.S.C. § 959(a) did not apply because the receiver was appointed by a state court, not a federal court. However, Mr. Henifin was appointed by this Court, a federal court. Here, unlike in *OHM Systems*, 28 U.S.C. § 959(a) applies.

*Second*, Lakeland Seniors claims, unlike those in *OHM Systems*, are not for a breach of a contract that occurred before Mr. Henifin's appointment or Jxn Water's ordinary business operations. Lakeland Seniors claims are for *ongoing* torts and harms that arise out of Jxn Water's ordinary business operations. They are for *Jxn Water's* "acts or omissions." *OHM Sys.,* 2020 WL 2572203, at *6.

*Third*, Lakeland Seniors claims, unlike those in *OHM Systems*, are not seeking the return of assets being held "in possession" of a receiver. And Lakeland Seniors is not asserting claims against Jxn Water merely because Mr. Henifin or Jxn Water is "in possession" of the water and sewer systems. Lakeland Seniors seeks monetary damages arising from Jxn Water's "acts or omissions" in conducting its ordinary business operations. *OHM Sys.,* 2020 WL 2572203, at *6.

In short, Jxn Water's ordinary business operations are the operation and maintenance of the water and sewer systems. Lakeland Seniors claims are based on Jxn Water's acts or omissions in carrying on those business operations, and, therefore, Lakeland Seniors is authorized under 28 U.S.C. § 959(a) to file suit without leave of this Court.

**III.     Lakeland Seniors has a *prima facie* case against Jxn Water.**

Now, assume for argument's sake that Jxn Water *is* cloaked in immunity. The above analyses are academic because the Court can simply grant leave. Lakeland Seniors has a *prima facie* case against Jxn Water.

Lakeland Seniors previously set forth allegations and evidence that it has, at a minimum, a foundation for its claim that damage was caused to its property by an ongoing problem: leaking water and sewer infrastructure. Doc. 50-1; Doc. 65 at 4-6; Doc. 65-1. Jxn Water operates and maintains those infrastructure systems. And failures in one or more of those systems are causing significant property damages to Lakeland Seniors.

Jxn Water's surreply does nothing more than introduce factual disputes. Jxn Water says the water meter was replaced in June 2023 and that Mr. Henefin visited the site on June 15, 2023 (the day it learned of Lakeland Seniors' claims) and again on October 6, 2023 and, on both occasions, observed no water leak from the meter or hydrant. Doc. 75-1 at 13; Doc. 75-2 at ¶¶ 4-5, 7. However, a Lakeland Seniors representative visited the property on August 16, 2023, *after* the meter was purportedly replaced, and the areas around the hydrant and meter were still damp. Doc. 65-1, ¶¶ 3-5. Jxn Water focuses on the grade between the meter and hydrant and Lakeland Seniors' property as if a leak traversing the surface pavement is the only possible way water can move between properties. Jxn Water fails to refute the leak from its water infrastructure can

4

traverse *through* the ground that separates the two properties, as Lakeland Seniors argued. Doc. 65 at 5.

Jxn Water also faults Lakeland Seniors for not alleging a tortious *act* by Jxn Water. Doc. 75-1 at 12. However, Jxn Water's *omission* suffices for all Lakeland Seniors' claims. *See Illinois Centr. R. Co. v. Hoskins*, 32 So. 150, at 151 (1902) (finding trespass by omission to do an act); *T.L. Wallace Constr., Inc. v. McArthur, Thames, Slay, & Dews, PLLC*, 234 So. 3d 312, 330 (Miss. 2017) (stating negligence can be an act or omission).

Jxn Water also states a variety of things Mr. Henifin Has done to inspect the leaky meter after it was repaired. Whether repairing/replacing the meter sufficiently fixed a leak is a disputed fact and should be resolved through more extensive investigation, including litigation discovery. Further, even if the meter fixed a leak, a fact dispute remains whether there are additional leaks, including sewage leaks, which also requires more extensive investigation, including litigation discovery. For now, Lakeland Seniors has presented sufficient allegations and evidence to make a *prima facie* case against Jxn Water, a case concerning an ongoing problem with the infrastructure.

The facts alleged and evidence provided at this *early pre-litigation* stage are sufficient to find that, at the very least a *prima facie* case has been made against Jxn Water. That is especially true when the parties have presented fact disputes through opposing declarations that raise technical issues, which warrant litigation discovery and potentially expert analysis.

**Conclusion**

The Court should either grant Lakeland Seniors leave to sue or hold that leave is unnecessary.

Respectfully submitted this 9th day of November, 2023.

5

*/s/ Simon T. Bailey*
Simon T. Bailey (MBN 103925)
Michael C. Williams (MBN 104537)
Jonathan M. Barnes (MBN # 105659)
sbailey@bradley.com
mcwilliams@bradley.com
jbarnes@bradley.com

BRADLEY ARANT BOULT CUMMINGS LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Simon T. Bailey*
Simon Bailey

| F0001 | | 2022430885 |
|---|---|---|
| Fee: $ 50 | **Michael Watson** SECRETARY OF STATE | Business ID: 1368792<br>Filed: 12/07/2022 11:54 AM<br>Michael Watson<br>Secretary of State |

P.O. BOX 136
JACKSON, MS 39205-0136
TELEPHONE: (601) 359-1633

# Articles of Incorporation

## Business Information

*Business Type:* Profit Corporation
*Business Name:* JXN Water Inc
*Business Email:* ted.henifin@gmail.com
*Period of Duration:* 2 Years

## NAICS Code/Nature of Business

221310 - Water Supply and Irrigation Systems

## Registered Agent

*Name:* Edward Henifin
*Address:* 802 Lakeland Drive, Apt 414
Jackson, MS 39216

## Stock Information

| *Classes:* | *No. of Shares:* |
|---|---|
| Common | 1 |

## Signature

The undersigned certifies that:
1) he/she has notified the above-named registered agent of this appointment;
2) he/she has provided the agent an address for the company, and;
3) the agent has agreed to serve as registered agent for this company

By entering my name in the space provided, I certify that I am authorized to file this document on behalf of this entity, have examined the document and, to the best of my knowledge and belief, it is true, correct and complete as of this day *12/06/2022*.

| *Name:* | *Address:* |
|---|---|
| Edward Henifin | 802 Lakeland Drive , Apt 414 |
| *Incorporator* | Jackson , MS 39216 |



| F0008       |                           | 2023033021           |
|-------------|---------------------------|----------------------|
| Fee: $ 25   | **Michael Watson**        | Business ID: 1368792 |
|             | SECRETARY OF STATE        | Filed: 01/20/2023 04:46 AM |
|             |                           | Michael Watson       |
|             |                           | Secretary of State   |

P.O. BOX 136
JACKSON, MS 39205-0136
TELEPHONE: (601) 359-1633

## 2023 Corporate Annual Report

### Business Information

*Business ID:* 1368792  *Business Name:* JXN Water Inc
*State of Incorporation:* MS  *Business Email:* ted.henifin@gmail.com
*Phone:* (***)***-****
*FEIN:* **-*******

*Principal Address:* 802 Lakeland Drive, APT 414
Jackson, MS 39216

### Registered Agent

*Name:* Edward Henifin
*Address:* 802 Lakeland Drive, Apt 414
Jackson, MS 39216

### Officers

| Title/Name: | Address: | Director: |
|---|---|---|
| **President:** | | ☐ |
| **Vice President:** | | ☐ |
| **Secretary:** | | ☐ |
| **Treasurer:** | | ☐ |

### Stocks

| Class: | Authorized: | Series: | Issued: |
|---|---|---|---|
| Common | 1 | | 1 |

### NAICS Code/Nature of Business

221310 - Water Supply and Irrigation Systems


EXHIBIT B

## Signature

By entering my name in the space provided, I certify that I am authorized to file this document on behalf of this entity, have examined the document and, to the best of my knowledge and belief, it is true, correct and complete as of this day *01/20/2023*.

| *Name:* | *Address:* |
|---|---|
| Edward G Henifin | 802 Lakeland Drive, APT 414 |
| *Director* | JACKSON, MS 39216 |

## Officers List

| *Name:* | *Address:* |
|---|---|
| Edward G Henifin<br>*Director* | 802 Lakeland Drive, APT 414<br>JACKSON, MS 39216 |