# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF MISSISSIPPI, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JACKSON, MISSISSIPPI, <br><br> Defendant. | Case No. 3:12-cv-790-HTW-LGI <br> (Clean Water Act Case) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF JACKSON, MISSISSIPPI, <br><br> Defendant. | Case No. 3:22-cv-00686-HTW-LGI <br> (Safe Drinking Water Act Case) |

## MOTION FOR ORDER TO RELEASE
## SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM RECIPIENTS LIST

The Interim Third-Party Manager (ITPM), Ted Henifin, by and through undersigned counsel, moves this Court to enter an order requiring the Mississippi Department of Human Services (MDHS) to release on or before February 29, 2024, and then on the first business day of each calendar quarter thereafter, to the ITPM a list, in CSV (comma-separated values) format, containing the name, address, phone number, and email address of recipients of the Supplemental

1

Nutrition Assistance Program (SNAP), 7 U.S.C. §§ 1011–1036d, residing in the City of Jackson[1] and, in support, states as follows.

## BACKGROUND

On November 29, 2022, this Court ordered the appointment of Ted Henifin as the ITPM, as stipulated by the City of Jackson, MDHS, and the Environmental Protection Agency, to operate, maintain, manage, and control the City of Jackson's water system and the Water/Sewer Business Administration. *See* ISO, Dkt, No. 6. Subsequently, on October 5, 2023, the Court entered a stipulated order, Dkt, No. 72, which gave the ITPM control of the City's sewer system.

The ITPM now seeks to implement his updated water and sewer rate classifications, including a rate category for approximately 39,000 Jackson ratepayers who are eligible for federal SNAP benefits. These tiered rates ensure JXN Water can efficiently and rapidly provide access to safe drinking water and appropriate sewer services for all ratepayers. To implement the rates, JXN Water must immediately identify the approximately 39,000 SNAP-eligible ratepayers so they can be assigned to the new SNAP rate class. The only practical way to timely implement that rate classification is to cross-compare the SNAP-recipient list for the City with the JXN Water's ratepayer list.

If the ITPM is denied access to the list it will frustrate his obligation to implement the rates that were recently imposed.

---

[1] Jackson, MS – 39056, 39174, 39201, 39202, 39203, 39204, 39205, 39206, 39207, 39209, 39210, 39211, 39212, 39213, 39215, 39216, 39217, 39225, 39235, 39236, 39250, 39269, 39271, 39282, 39284, 39286, 39289, 39296, and 39298.

Byron, MS – 39170, 39212 and 39727.

I. **LEGAL ARGUMENTS**

The U.S. Congress established the SNAP program to allocate funds for states to disburse among eligible households to purchase nutritious food. 7 U.S.C. § 2013. To participate, state agencies must provide a plan of operation for their SNAP program and are required to administer their program in line with regulations of the Food and Nutrition Service (FNS). *Id.* § 2020(a), (d); *see* 7 C.F.R. §§ 271.1 *et seq.* By statute, state agencies implementing SNAP must establish "safeguards which prohibit the use or disclosure of information obtained from applicant households" but:

> (A) the safeguards shall permit-
>
> (i) the disclosure of such information to persons directly connected with the administration or enforcement of the provisions of this chapter, regulations issued pursuant to this chapter, Federal assistance programs, or federally-assisted State programs….

7 U.S.C. § 2020(e)(8)(A)(i); *see also* 7 C.F.R. § 272.1(c)(1) ("Use or disclosure of information obtained from SNAP applicant or recipient households shall be restricted to…. Persons directly connected with the administration or enforcement of the provisions of the Food and Nutrition Act of 2008 or regulations, other Federal assistance programs, federally-assisted State programs providing assistance on a means-tested basis to low income individuals….").

The MDHS administers SNAP in Mississippi. Under MDHS's regulations implementing SNAP, recipient information is protected but may be disclosed to persons administering one of a series of listed federal assistance programs and "[a]ny other federally aided means-tested programs." 18-14 MISS. CODE. R. § 1.11.A (2022); *see also* MISS. CODE ANN. § 43-1-19 (allowing disclosure of SNAP information in accordance with federal regulations).

This Court has authority to order the MDHS to release a list of SNAP recipients to the ITPM because the SNAP rate clarification, implemented by an officer of this federal Court, the

ITPM, is the substantive and legal equivalent of a "federal assistance program." Specifically, while other residential customers will pay a minimum bill of $40 monthly for water and sewer service, SNAP-eligible ratepayers will pay $10 per month.

**A.      JXN Water's tiered water/sewer rates constitute a federal assistance program as the rates provide assistance to residents with limited means pursuant to a federal court order.**

The U.S. Congress specifically included "Federal assistance programs" and "federally-assisted State programs" as exemptions to the general non-disclosure policy in State SNAP operating plans. 7 U.S.C. § 2020(e)(8)(A)(i). This allows federal assistance programs to share information rapidly and facilitates the efficient inclusion of persons with limited means into a range of assistance programs. Otherwise, eligible individuals would have to make multiple applications to a variety of state and federal agencies. To avoid this result, Congress allowed the sharing of SNAP information "only for such administration" of programs furthering federal assistance to the needy. *id.* § 2020(e)(8)(A)(ii).

The ITPM's SNAP rate classification is a federally-mandated assistance program that is exclusively directed to the congressionally-authorized purpose of providing assistance to needy households. *See id.* § 2020(e)(8)(A). The ITPM, through JXN Water, has imposed the SNAP rate classification to ensure that water and sewer services remain affordable to SNAP-eligible ratepayers. The proposed rates provide significantly lower minimum bills for residents with fewer resources to ensure that low-income residents will have access to safe drinking water and appropriate sewer services. The ITPM adopted these rates in his role as a federal trustee pursuant to federal order. *See* Dkt, Nos. 6 and 72. This act, by a federal trustee, who is an officer of this court, derives directly from federal court orders in this matter to address an imminent public health water and sewer crisis stemming from violations of federal law. The ITPM needs the list of SNAP

recipients in the City to effectively implement his SNAP rate classification assistance program. There is no other practical way to identify the almost 39,000 customer accounts that the ITPM anticipates are eligible for this rate classification.

B.  **The list of SNAP recipients in the City can be disclosed in confidence in this judicial proceeding.**

Statutes may create evidentiary privileges but a "statute granting a privilege is to be strictly construed so as 'to avoid a construction that would suppress otherwise competent evidence.'" *Baldridge v. Shapiro*, 455 U.S. 345, 360 (1982) (citing *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218 (1961)). Statutes barring government agencies from disclosing information to third parties do not necessarily also bar discovery of that information in judicial proceedings unless the statute explicitly states that the information is privileged. *See St. Regis Paper*, 368 U.S. at 218; *In re Nassau County Strip Search Cases*, No. 99-2844, 2017 U.S. Dist. LEXIS 117033, at *17 (E.D.N.Y. July 26, 2017); *Hassan v. United States*, 2006 U.S. Dist. LEXIS 14774, at *7-9 (W.D. Wash. Mar. 15, 2006). *See also Hedgepeth v. Nash Cnty*, 2023 U.S. Dist. LEXIS 58295, at *15 (E.D.N.C. Mar. 28, 2023) ("It is unclear how the statute [7 U.S.C. § 2020(e)] and regulation [7 C.F.R. § 271.2(c)], which do not expressly bar disclosure pursuant to a court order in judicial proceedings, apply to Plaintiff's request for Defendants' communications with third parties concerning Plaintiff or why information Plaintiff provided could not be disclosed to her under a protective order."); *Abraham, Inc. v. United States*, 2020 U.S. Dist. LEXIS 104358, at *8-9 (S.D. Ohio June 15, 2020) ("[T]he parties are reminded that statutory confidentiality provisions do not automatically serve to create a privilege from disclosure."). In *Nassua County*, the Court held that 7 U.S.C. § 2020(e)(8) did not expressly establish a discovery privilege before ordering a limited disclosure of SNAP information that allowed a claims administrator to update contact information for class members by cross-referencing SNAP information with the electronic database of class

5

members so those class members could be informed of the judgment. 2017 U.S. Dist. LEXIS 117033 at *2, *15-18.

Here, the statute does not expressly bar disclosure of a list of SNAP recipients during judicial proceedings and the list is necessary for the ITPM to implement his SNAP rate classification, which is essential to ensuring that SNAP-eligible ratepayers will continue to have access to affordable and safe drinking water and appropriate sewer services. This Court appointed the ITPM pursuant to the Stipulated Order agreed to by all parties to abate conditions that "present or may present an imminent and substantial endangerment to the health of persons served by the System" and to operate the system in such a way that the parties "may achieve long-term sustainability for the System." ISO, Dkt, No. 6 at 3, 8. The ITPM requires a list of SNAP recipients also serviced by JXN Water to ensure that those recipients are appropriately charged under the SNAP classification for water and sewer services. Any privacy concerns associated with the sharing of this information with the ITPM can be addressed by limiting the ITPM's use of this information to this express purpose, as in *Nassau County*, 2017 U.S. Dist. LEXIS 117033 at *23, and further assuaged with a protective order. For example, the Court may require the ITPM to maintain the list as confidential information, expressly not subject to FOIA or other disclosure. *See, e.g. Loma Deli Grocery Corp. v. United States*, 2021 U.S. Dist. LEXIS 17584 (S.D.N.Y. Jan. 25, 2021) (granting a protective order dictating the terms of disclosure of SNAP information during discovery).

## **CONCLUSION**

For the reasons above, the ITPM requests that the Court enter an order to require the MDHS to (1) release a list of SNAP recipients residing in the City of Jackson to the ITPM by February 29, 2024, for the limited purpose of allowing the ITPM to apply the recently-adopted SNAP

6

water/sewer rate classification to those individuals/households and (2) periodically provide the ITPM with an update to that list upon request by the ITPM. The order should also specify that the list shall not be made public, nor released to any entity by the ITPM.

Respectfully submitted this 7th day of February, 2024.

/s/ *Malissa Wilson*
Malissa Wilson (MSB # 100751)
Charles Mitchell McGuffey (MSB #104986)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
mitch.mcguffey@formanwatkins.com
malissa.wilson@formanwatkins.com

*Counsel for ITPM*

OF COUNSEL:

F. Paul Calamita, III (*admitted PHV*)
AQUALAW, PLC
6 South 5th Street
Richmond, VA 23219
Telephone: (804) 716-9021
Facsimile: (804) 716-9022
paul@aqualaw.com