# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## Northern Division

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 3:12-cv-000790-HTW-LGI**

**THE CITY OF JACKSON, MISSISSIPPI**                                                      **DEFENDANT**

## MOTION FOR LEAVE TO FILE SUIT AND TO TAKE THE
## DEPOSITION OF IT'S AGENT

COMES NOW Torrey Anderson moves the Court for leave to file suit against Jxn Water, Inc. (Jxn Water) and to take the deposition of it's purported agent.[1]

1.      On or about March 7, 2023, Mr. Anderson was a northbound motorist traveling at night on Boling Street near the intersection of Boling Street and Michael Avalon Street in Jackson, Hinds County, Mississippi. It was dark and the roadway was dimly lit. On this date, Willie Roach was operating the City of Jackson (hereinafter "COJ") or Jxn Water's 2021 Ford Truck with a utility trailer stopped in the roadway.  The trailer, owned by the City of Jackson, did not have operable brake or hazard lights, and Mr. Roach did not put any warning devices on or around his utility trailer to warn Plaintiff and other motorist of the hazardous condition.  As a result, Mr. Anderson did not see the trailer until it was too late to stop and struck the rear of the trailer causing severe injuries to Mr. Anderson.

2.      On or about July 31, 2023, Mr. Anderson filed a lawsuit against the City of Jackson in the First Judicial District of Hinds County Circuit Court and propounded discovery to the COJ. In Response to Plaintiff's Request for Admissions, the COJ alleges that Willie Roach was a "defacto employee of Jxn Water", and that Mr. Anderson had to seek this Court's permission to depose Mr.

---

[1] Given this motion's length and nature, Mr. Anderson asks that the Court waive any requirement of a separate memorandum brief.

Roach under this Court's November 29, 2022 Order (hereinafter "Order"). *See* COJ's Supplemental Responses to Plaintiff's Request for Admission, attached hereto as Exhibit "A"; *See also* Email from Keyona Henry, Esq., dated February 9, 2024, attached hereto as Exhibit "B". The COJ has erroneously refused to make Mr. Roach available for deposition otherwise.

3. Specifically, this Court held in it's Order as follows:

> In light of the need for the ITPM and ITPM Agents to focus their attention on the obligations of this Stipulated Order, unless granted leave of the Court, the ITPM and ITPM Agents may not testify in any litigation or proceeding, other than this case, with regard to acts or omissions of the City, the ITPM, or ITPM Agents **relating to the System and WSBA**.

Doc. 6, p. 14, 9(D). (emphasis added). The Order clearly does not apply to Mr. Roach, but undersigned is seeking this Court's permission to depose Mr. Roach out of the abundance of caution and out of respect for this Court's Order. First, Mr. Roach is not an ITPM Agent as defined by the Order, but is a city employee. Even if he is considered a "defacto employee" of Jxn Water, that is not an agent of the ITPM as defined by the order as Jxn Water is not ITPM nor listed as an agent. Second, the order only limits depositions relating to the System and WSBA. Undersigned does not intend to ask about any billing issues with the City nor ask about the water system specifically in the deposition. The questions will be related to the events surrounding the March 7, 2023 automobile crash, including, but not limited to, why Mr. Roach was operating a City trailer without lights at night on a public roadway. Undersigned requests permission to depose Mr. Roach and also seeks clarification as to whether the deposition requirement in this Court's Order applies to City employees relating to, *inter alia*, their use, maintenance, inspection and repairs of City equipment as undersigned will seek to depose other City employees relating to the subject trailer after Mr. Roach.

4. Also, under this Court's Order "No suit shall be filed against the ITPM or ITPM Agents without leave of this Court except as provided in 28 U.S.C. § 959(a)." Doc. 6. p. 15, ¶ 9(b).

The ITPM is "Edward 'Ted' Henifin." Doc. 6, p. 8, ¶ 4. Mr. Anderson also does not believe the immunity restrictions described in the Order applies to Willie Roach or Jxn Water, which is neither Mr. Henifin (the ITPM) nor an agent of Mr. Henifin (an ITPM agent). If anything, Jxn Water is Mr. Henifin's principal, not his agent. Jxn Water is a corporation formed under Mississippi law, listed in good standing with the Mississippi Secretary of State. Mr. Henifin is listed as Jxn Water's Director and Registered Agent. Exhibit "C" (2023 Corporate Annual Report)[2]. However, the attorney for COJ thinks the pre-requisites provided for in this Court's Order applies to Jxn Water and to Mr. Roach for claims arising from this car crash. *See* Exhibit "B". Despite Mr. Anderson's belief that the Order is inapplicable, Mr. Anderson moves for leave to add Jxn Water as a Defendant also out of the abundance of caution.

6. A 90-day period is currently running under the Mississippi Tort Claims Act. *See* Miss. Code § 11-46-11. Once that period runs on or about May 14, 2024—assuming this dispute is not resolved before then— Mr. Anderson will need to file suit against Jxn Water for monetary damages. For this reason, Torrey Anderson respectfully asks this Court to expedite its consideration of this motion or, alternatively, excuse Mr. Anderson for filing suit at the end of 90 days as a necessary protective measure to prevent any applicable statute of limitations from running.

7. The Court should grant Mr. Anderson's leave to file suit against Jxn Water and be allowed to immediately depose Mr. Roach as he will be severely prejudiced by being unable to fairly and expeditiously litigate his claims.

RESPECTFULLY SUBMITTED, this the 20th day of February, 2024.

---

[2] This issue has been extensively briefed by Jxn Water and Lakeland Seniors, LLC, but to undersigned's knowledge, no ruling has been issued. Undersigned incorporates fully herein Lakeland Senior's arguments relating to whether the immunity provisions in the Order applies to Jxn Water. Additionally, the Order does not apply since Mr. Roach was acting with willful misconduct or gross negligence by operating a trailer without lights at night per the COJ and/or Jxn Water's direction and control. *See* Photographs of the utility trailer, attached hereto as Exhibit "D".

**TORREY ANDERSON**

BY: *:/s/ Benjamin Philley*
BENJAMIN N. PHILLEY
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
KILPATRICK & PHILLEY, PLLC
BENJAMIN N. PHILLEY, MSB NO. 101556
Post Office Box 2230
Madison, Mississippi 39130-2230
Telephone: 601.856-7800
Facsimile: 601.856-7031
E-mail: bphilley@kplawms.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*:/s/ Benjamin Philley*
BENJAMIN N. PHILLEY