IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| and the STATE OF MISSISSIPPI, | ) | |
| Plaintiffs, | ) | Case No. 3:12-cv-790-HTW-LGI |
| | ) | (Clean Water Act Case) |
| v. | ) | |
| THE CITY OF JACKSON, MISSISSIPPI, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-00686-HTW-LGI |
| | ) | (Safe Drinking Water Act Case) |
| v. | ) | |
| THE CITY OF JACKSON, MISSISSIPPI, | ) | |
| Defendant. | ) | |

**DECLARATION OF RACHEL FRISK**

I, Rachel Frisk, do hereby state and declare as follows:

1. I am Director for the Program Administration and Nutrition Division ("PAND") of the Supplemental Nutrition Assistance Program ("SNAP") at the United States Department of Agriculture ("USDA" or "the Department") Food and Nutrition Service ("FNS"), Alexandria,

1

Virginia. I have held my current position since August 2022.

2. As the Director of PAND, I am responsible for the State Administration Branch, Quality Control Branch, and Nutrition Education Branch of SNAP which concern, in part, SNAP recipient ("household") and State administration matters. Additionally, I oversee the rulemaking and statutory and regulatory enforcement processes for these branches.

3. The statements made in this declaration are based on knowledge that I have acquired in the performance of my official duties, including information provided to me by USDA FNS' SNAP staff and attorneys from the USDA Office of the General Counsel ("OGC"), and my knowledge of the issues being litigated in the above-captioned matter.

4. FNS administers the nutrition assistance programs of USDA. The mission of FNS is to provide children and needy families with better access to food and a more healthful diet through its food assistance programs and comprehensive nutrition education efforts.

5. The mission of SNAP is "to safeguard the health and well-being of the Nation's population by raising the levels of nutrition among low-income households." 7 U.S.C. § 2011. The program is administered by the USDA FNS. 7 C.F.R. § 271.3. Assistance is focused on increasing the food purchasing power of eligible households by supplementing the funds those households have to spend on food with SNAP benefits. 7 U.S.C. § 2013.

6. SNAP's administration is accomplished through partnerships with State Agencies. "State Agency" refers to the agency of State government, including its local offices, which has "the responsibility for the administration of the federally aided public assistance programs within such State." 7 U.S.C. § 2012(s)(1). For SNAP, the State Agencies serve as the administrators of the program. *See generally* 7 U.S.C. § 2020. It is the State Agency that conducts eligibility

determinations for applicant households. 7 U.S.C. § 2020(a)(1).

7. It is therefore the State Agency that collects applications and maintains and controls information obtained from applicant households, such as names, addresses, income, and household size. USDA does not collect, maintain, or control information obtained from the household and does not have the authority to require States to share such information with USDA outside of what is specifically required by the Act and corresponding regulations, such as for payment accuracy quality control reviews. *E.g.* 7 U.S.C. § 2025(c); 7 C.F.R. § 275 Subpart C.

8. To participate in SNAP, a State Agency must first submit a State Plan of Operation. 7 U.S.C. § 2020(d); *see* 7 C.F.R. § 272.2. The State Plan of Operation is comprised of three core components; the Federal/State Agreement ("FSA"), the Budget Projection Statement, and the Program Activity Statement; and various attachments. 7 C.F.R. § 272.2(a)(2).

9. The FSA is the legal agreement between the State and USDA by which the State elects to operate and administer SNAP in accordance with the Food and Nutrition Act of 2008, as amended ("the Act"), the regulations issued pursuant to the Act, and the FNS-approved State Plan of Operation. 7 C.F.R. § 272.2(a)(2). One such statutory and regulatory requirement that the State Agencies agree to follow concerns use and disclosure of information obtained from an applicant household.

10. As part of the State Plan of Operation, State Agencies are required to implement safeguards which prohibit the use or disclosure of information obtained from applicant households except in limited, enumerated circumstances. 7 U.S.C. § 2020(e)(8). Those enumerated exceptions allow for the use and disclosure of information to:

    a. persons directly connected with the administration or enforcement of the

provisions of the Act or its corresponding regulations, Federal assistance programs, or federally-assisted State programs;

    b.  the Comptroller General of the United States for audit and examination authorized by any other provision of law;

    c.  local, State or Federal law enforcement officials for the purpose of investigating an alleged violation of the Act or its corresponding regulations;

    d.  agencies of the Federal Government for purposes of collecting the amount of an overissuance of benefits from Federal pay; and

    e.  Federal, State, or local law enforcement officers if the officer furnishes the State agency with the name of the household member and notifies the agency that the individual they are seeking information on meets the statutory and regulatory criteria of a "fleeing felon."

*Id.*

11.    If a State Agency were to disclose information obtained from households to any other person or entity not listed above, the State could be disqualified from administering SNAP and receiving SNAP funding. *See* 7 U.S.C. 2020(g); 7 C.F.R. 276.4. This would mean that residents of the entire State could lose access to SNAP benefits.

12.    SNAP, and formerly the Food Stamp Program, struggles with fighting stigma concerning receiving government assistance. This is often reflected in program participation rates. While State participation rates vary wildly, FNS estimates that only 78 percent of eligible people nationwide received SNAP benefits during October 2019 to February 2020. Should information on applicant or recipient households be disclosed to others, particularly without the

household's consent, it could have a chilling effect on SNAP participation rates.

13. While State Agencies are responsible for the administration of SNAP for households, USDA is responsible for the administration of SNAP for retailers. There are statutory and regulatory provisions concerning the use and disclosure of retailer information that are separate and distinct from those concerning household information. *See* 7 U.S.C. 2018(c); 7 C.F.R. 278.1(q). These retailer provisions also include separate penalties established for persons who disclose retailer information in violation of law or regulation. *Id.* Specifically, any person who publishes, divulges, discloses, or makes known any retailer information obtained under the Act to an extent not permitted by the Act or corresponding regulations shall be fined up to $1,000, imprisoned for up to one year, or both. *Id.*

14. As such, both the Act and corresponding regulations establish requirements and penalties for use and disclosure of SNAP information onto the various entities and individuals assigned to collect, maintain, and control household and retailer information, respectively.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

_____

RACHEL FRISK, Director
Program Administration & Nutrition Division
Supplemental Nutrition Assistance Program
U.S. Department of Agriculture
Alexandria, Virginia