IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**LAKELAND SENIORS, LLC**                                            **PLAINTIFF**

v.                                                          CAUSE NO. 23-655

**THE UNIVERSITY OF MISSISSIPPI**                                   **DEFENDANTS**
**MEDICAL CENTER;**
**THE CITY OF JACKSON, MISSISSIPPI;**
**JXN WATER INC.**

## COMPLAINT

**COMES NOW**, Lakeland Seniors, LLC ("Lakeland Seniors") and files this Complaint against the University of Mississippi Medical Center ("UMMC"), the City of Jackson, Mississippi ("Jackson"), and JXN Water Inc., ("JXN Water," and collectively with UMMC and Jackson, the "Defendants"). In support thereof, Lakeland Seniors states the following:

### PARTIES

1. Lakeland Seniors is a foreign limited liability company registered to do business in the State of Mississippi.

2. Defendant UMMC is an institution of the State of Mississippi that is located at 2500 North State Street, Jackson, Mississippi 39216, and may be served with process pursuant to Rule 4(d)(5) of the Mississippi Rules of Civil Procedure by serving the Attorney General of the State of Mississippi, Lynn Fitch, at the Walter Sillers Building, 550 High Street, Jackson, Mississippi 39201.

3. Defendant Jackson is a municipal corporation of the State of Mississippi that may be served with process pursuant to Rule 4(d)(7) of the Mississippi Rules of Civil Procedure by

C-1

serving its Municipal Clerk, Angela Harris, whose office address is 219 South President Street, Jackson, Mississippi 39201.

4.      Defendant JXN Water, the entity formed to operate what was at one time the City of Jackson's Water and Sewer Business Administration, is a Mississippi corporation that may be served with process by serving its registered agent, Edward Henifin, at 802 Lakeland Drive, Apartment 414, Jackson, Mississippi 39216.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this proceeding pursuant to Section 9-7-81 of the Mississippi Code.

6.      Venue is proper in Hinds County, Mississippi pursuant to Section 11-11-3 of the Mississippi Code because substantial events that caused Lakeland Seniors' injury occurred in Hinds County and the property at issue is located in Hinds County.

## NOTICE OF CLAIM
### (MISS. CODE ANN. §11-46-11)

7.      This Complaint has been filed in compliance with Miss. Code Ann. §11-46-11.

8.      Lakeland Seniors provided notice to Jxn Water pursuant to Miss. Code Ann. §11-46-11 by certified mail addressed to Jxn Water's Director/CEO, Edward G. Henifin, at 802 Lakeland Seniors Drive, APT 414, Jackson, Mississippi 39216. The notice's return receipt certified delivered on August 8, 2023.

9.      Lakeland Seniors provided notice to Jackson pursuant to Miss. Code Ann. §11-46-11 by certified mail addressed to Jackson's Municipal Clerk, Angela Harris, at 219 South President Street, Jackson, Mississippi 39201. The notice's return receipt certified delivered on August 7, 2023.

10. Lakeland Seniors provided notice to UMMC pursuant to Miss. Code Ann. §11-46-11 by certified mail addressed to UMMC's Vice Chancellor/CEO, Dr. Louann Woodward, at 2500 North State Street, Jackson, Mississippi 39216. Upon information and belief, the notice was certified delivered on August 10, 2023.

## STATEMENT OF RELEVANT FACTS

11. Lakeland Seniors owns and operates the Lakeland Seniors Apartments located at 848 Lakeland Seniors Drive, Jackson, Mississippi.

12. Upon information and belief, UMMC owns the immediately adjacent property to the east of Lakeland Seniors Apartments.

13. Beginning in June 2020, Lakeland Seniors entered into contracts for the performance of work to improve its property, including a contract for foundational work (the "Project") and the repair and resurfacing of the parking lot (the "Lot").

14. Throughout the work on the Project, excess and unexpected water and/or other aqueous substances were encountered, which continuously filled the trenches dug for purposes of reinforcing the apartments foundation. The continual presence of the unexpected water and/or other aqueous substances seeping up under the apartment building slowed the progress on the Project and increased the overall Project cost.

15. Similarly, the presence of water and/or other aqueous substances seeping up from the ground and/or flowing onto the Lakeland Seniors Property were encountered in the Lot. The excess water delayed the final paving of the Lot by several months while the source of the water was investigated.

16. On or about November 2022, Lakeland Seniors discovered that water and/or other subsurface aqueous substances were migrating from UMMC's property and causing damage to the Lakeland Seniors Property.

17. Upon further inquiry, Lakeland Seniors became aware that a meter owned and operated by JXN Water and/or Jackson that is located on UMMC's main water line was faulty.

18. Lakeland Seniors further discovered that a fire hydrant located on adjoining UMMC property was also leaking excess water that was migrating to the Lakeland Seniors Property.

19. Lakeland Seniors gave notice of the faulty water line and fire hydrant in November 2022. To date, Defendants have failed to remedy these issues, which have and continue to cause substantial damage to Lakeland Seniors' Lot while also contributing to the Project's ongoing delay and increased costs.

20. Due to the amount of water and/or other aqueous substances continuously and unexpectedly seeping up through and/or running across Lakeland Seniors' Property, Lakeland Seniors retained an analytical firm to further investigate the source(s) of the aqueous substances.

21. Samples were taken from various locations on Lakeland Seniors' Property, and subsequent testing, including dye tracing and in-camera scoping of the sewer lines on UMMC's property determined that sewage, water, and other contaminated materials were migrating from Defendants' property, water lines and sewage systems onto and beneath the Lakeland Seniors Property causing subsurface flooding, threatening the structural integrity of Lakeland Seniors' Lot, and substantially delaying the Project.

22. To minimize the hazards and inconvenience the unpaved Lot posed to the Lakeland Seniors Apartments residents, Lakeland Seniors had no choice but attempt to complete the paving of the Lot. Within days, however, the Lot began to sink due to the excessive water and sewage migrating from UMMC's property.

23. On or about June 2, 2023, Lakeland Seniors informed the Mississippi Department of Environmental Quality, the Mississippi Department of Health, and the City of Jackson, Mississippi of Defendants' still-broken water meter and the sewage contamination of the groundwater.

24. Upon information and belief, UMMC owns and is responsible for the water lines on its property after the meter and the sewage lines on its property to the property line.

25. Upon information and belief, Jackson and/or JXN Water own and are responsible for the maintenance and repair of water meters and fire hydrants as well as all sewer lines from UMMC's property line to the sewage treatment facilities.

26. Defendants' faulty water and sewage systems have caused substantial damage to the Lakeland Seniors Property, contaminated surrounding groundwater, and further exacerbated the continued delay of the Project and the successful paving of the Lot.

## GENERAL ALLEGATIONS

27. Upon information and belief, Defendants improperly permitted the discharge of water and of sewage containing hazardous contents and other waste onto and beneath the Lakeland Seniors Property.

28. Defendants failed to eliminate and control the release and migration of water and of sewage and other waste from Defendants' facility and systems to surrounding and neighboring properties.

29. Defendants knew, or should have known, of the dangers and hazards associated with water and sewage migration.

30. Defendants knew, or should have known, that the surrounding area, including the Lakeland Seniors Property owned and/or maintained by Lakeland, would continue to be exposed to contamination and damaged by Defendants' discharge of water and of sewage and other waste.

31. Defendants' water and sewage and other waste continues to migrate into the subsurface environment through several pathways causing extensive damage to the Lakeland Seniors Property.

32. Defendants' water and sewage and other waste is currently migrating from their facility and invading the groundwater, soil, around, and beneath the Lakeland Seniors Property.

33. Upon information and belief, Defendants' water and waste presents an imminent and substantial threat to human health, the environment, the Lakeland Seniors Property, and Lakeland Seniors' commercial interests.

34. Upon information and belief, Defendants negligently permitted the release and migration of water and of sewage and other waste from Defendants' facility and systems to surrounding and neighboring properties; failed to investigate, clean up, and/or remediate the issue; failed to notify regulatory authorities of the existence or probable existence of the waste escaping from their facilities; and failed to eliminate and/or control the migration of their water and waste onto the Lakeland Seniors Property.

## COUNT ONE
## TRESPASS

35. Lakeland Seniors realleges each allegation set forth in paragraphs 1-34 as if fully restated here.

36. At all times mentioned in this Complaint, Lakeland Seniors was and remains the owner in possession of real and personal property with possession rights of the Lakeland Seniors Property.

37. On or about November 2022, Defendants were informed that their water systems were faulty and causing flooding of the soils and groundwater on and beneath the Lakeland Seniors Property.

38. Defendants were also notified of the suspected sewer line break, resulting in the migration of sewage from UMMC's property to the Lakeland Seniors Property.

39. Defendants received additional notices of the continuing water systems and sewer line issues in June 2023.

40. Upon information, the water meter was replaced in June 2023.

41. A Lakeland Seniors representative visited the site on August 16, 2023 and the areas around the water meter and hydrant still shown signs of leaking.

42. Defendants received additional notice of the continuing water systems and sewer line issues in August 2023.

43. Jxn Water received notice that the water meter replacement had not resolved the continuing water systems issue in August 2023.

44. Jxn Water and Jackson, should have, at a minimum, excavated the area around the water meter and hydrant to investigate the water system's infrastructure in that area and fix the leak(s).

45. As of the date of this filing, Defendants have failed to remove the water and sewage from the Lakeland Seniors Property or fix the cause of the water and sewage leaks, rendering their continued presence on the Lakeland Seniors Property intentional.

46. The continuing migration and physical intrusion of Defendants' water and sewage from their facilities and systems onto, around, and beneath the Lakeland Seniors Property has resulted in a trespass to the Lakeland Seniors Property for which Defendants are responsible.

47. The presence of Defendants' water and sewage on the Lakeland Seniors Property was, and continues to be, unauthorized.

48. Defendants have not sought, nor have they obtained Lakeland Seniors' consent to discharge any substances, including but not limited to, water or sewage onto the Lakeland Seniors Property.

49. Defendants' water and sewage has migrated onto and beneath the Lakeland Seniors Property destroying the structural integrity of Lakeland Seniors' Lot and causing delays and increased costs associated with the Project.

50. As a result of Defendants' trespass, Lakeland Seniors' Lot has sunk and will have to be repaired or replaced, resulting in considerable monetary damages.

51. Defendants' trespass is presently causing considerable commercial harm to Lakeland Seniors and its Property, and Lakeland Seniors will continue to suffer damages as a result of Defendants' continuing trespass.

52. As a direct and proximate result of Defendants' trespass, Lakeland Seniors has suffered injuries to its property and economic interest including, but not limited to, the increased costs of the Project and additional costs of repairing its Lot, as well as significant diminution in value of the Lakeland Seniors Property. All of the above damages will be established at trial.

## COUNT TWO
## PRIVATE NUISANCE

53. Lakeland Seniors realleges each allegation set forth in paragraphs 1-52 as if fully restated here.

54. Defendants' acts and omissions resulting in the migration of water and sewage from Defendants' facilities and systems have exposed Lakeland Seniors and its Property to significant contaminants and caused substantial damage to the Lakeland Seniors Property including, but not limited to, its Lot, foundation, and structural integrity, thus interfering with the quiet use and enjoyment of Lakeland Seniors' property interests.

55. Defendants have failed to take reasonable steps and timely measures to abate the migration of sewage and other waste from their facility and systems onto and beneath the Lakeland Seniors Property negatively affecting Lakeland, its property rights, and causing extensive damage to the Lakeland Seniors Property.

56. By reason of Defendants' unreasonable conduct, Lakeland Seniors has been damaged. The harm will continue unless relief is granted by this Court requiring Defendants to cease releasing water and sewage onto the ground and into the groundwater, repair the faulty water and sewage systems, and rectify any and all actual damages suffered by Lakeland Seniors as a result of the nuisance created by Defendants.

57. Defendants are liable for abatement of this nuisance. Accordingly, Lakeland Seniors is entitled to injunctive relief restraining and enjoining Defendants from the acts and omissions giving rise to this nuisance and requiring Defendants to promptly take such action as may be necessary to abate the nuisance at issue.

## COUNT THREE
## PUBLIC NUISANCE

58. Lakeland Seniors realleges each allegation set forth in all preceding paragraphs 1-57 as if fully restated here.

59. Upon information and belief, Defendants' sewage has contaminated the surface and groundwater presenting an imminent and substantial threat to public health, public safety, public comfort, and public convenience.

60. Defendants' failure to remediate the migration of sewage and other waste has resulted in the contamination of surface water and groundwater accessible to surrounding and neighboring properties producing a continuing threat to human health and the environment.

61. Defendants' continued contamination of the surface and groundwater renders it unfit for use, and dangerous to the health of the general public. Defendants' acts and omissions therefore render it liable for public nuisance.

62. Accordingly, Lakeland Seniors requests that this Court enter an Order restraining and enjoining Defendants from the acts and omissions giving rise to this public nuisance and requiring Defendants to promptly take such action as may be necessary to abate the nuisance at issue.

## COUNT FOUR
## NEGLIGENCE

63. Lakeland Seniors realleges each allegation set forth in all preceding paragraphs 1-62 as if fully restated here.

64. Defendants owed a duty of reasonable care to construct, operate, and maintain their sewage systems, water transport systems, treatment facilities, and disposal systems in a reasonably prudent manner and to the extent required by applicable industry standards and controlling law.

65. Defendants failed to follow industry standards and failed to exercise an appropriate degree of supervision over their operations and facilities. As a result, Lakeland Seniors has incurred, and will continue to incur, significant expenses due to Defendants' failure to maintain their sewage, water, and waste systems.

66. Defendants further failed to evaluate the information available to them and to apprise themselves of the faulty systems. As a result of Defendants' acts and omissions, the Project has been significantly delayed subjecting Lakeland Seniors to additional expense.

67. Lakeland Seniors suffered and will continue to suffer damages as a result of the migration of Defendants' water and sewage onto and beneath the Lakeland Seniors Property

including, but not limited to, additional expenses to properly repair its Lot, investigative reports and analyses costs, ongoing commercial harm, as well as other associated damages and expenses.

68. As a result of Defendants' failure to evaluate and ensure that their facilities and systems operated within the applicable standard of care, Lakeland Seniors has also suffered damages including, but not limited to, increased construction costs, as well as the cost of significant delays and expense when Lakeland Seniors had to postpone construction of the Project and incur additional expenses in attempt to mitigate the damages caused by Defendants.

69. Furthermore, Lakeland Seniors has suffered, and continues to suffer, damages as a result of Defendants' failure to timely abate the water and sewage flows and to remediate the contamination of the groundwater while also causing diminution in value of the Lakeland Seniors Property.

70. As a direct and proximate result of Defendants' negligence, Lakeland Seniors has been damaged in an amount to be proven at trial.

## COUNT FIVE
## GROSS NEGLIGENCE

71. Lakeland Seniors realleges each allegation set forth in all preceding paragraphs 1-70 as if fully restated here.

72. Defendants individually owed and breached duties of ordinary and reasonable care to Lakeland Seniors in connection with the maintenance and operation of their facilities and plumbing systems.

73. Additionally, each Defendant owed and breached duties to Lakeland Seniors to guard against and/or prevent the risk of release, leaking, or migration of its water and sewage and other waste including, but not limited to, human fecal matter and other contaminated aqueous substances onto and beneath Lakeland Seniors' property and surrounding groundwater.

74. Defendants breached their duties to Lakeland Seniors and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard in their grossly negligent failure to prevent the migration of water and sewage and other wastes from their facilities and systems onto and beneath Lakeland Seniors' property.

75. Defendants' failure to maintain proper operations of their facilities and systems even with knowledge of their faulty systems discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.

76. Defendants knew or should have known that their wanton or reckless conduct would foreseeably cause Lakeland Seniors damage.

77. As a direct and proximate cause of Defendants' wanton or reckless acts, Lakeland Seniors has suffered damages and will continue to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Lakeland Seniors respectfully requests that this Court grant it the following relief:

a) A preliminary and permanent injunction directing Defendants to respond to, remove, and remediate the contamination;

b) A final judgment requiring Defendants to remove any and all sewage and/or other waste from Lakeland Seniors' property and to lawfully dispose of it and directing that Defendants abate the nuisance;

c) Actual damages in an amount to be determined at trial and including, for the maximum amount allowed under all applicable law, including the Mississippi Tort Claims Act, but not less than $500,000, and damages in excess of the Tort Claims Act's statutory cap, to the full extent of the responsible parties' applicable insurance coverage, if allowable. These actual damage include but are not limited to, actual damages, costs of remediating and repairing Defendants' damages to the Lakeland Seniors Property, loss of use damages, damages related to the Lakeland Seniors Property's devaluation, increased costs suffered by Lakeland Seniors in an attempt to remediate the effects of Defendants' trespass, nuisance and negligence, and additional damages to compensate for the commercial harm suffered by Lakeland. In total, the cost of the harm Lakeland Seniors has suffered is, on information and belief, not less than $3,000,000;

d)  Punitive damages;

e)  Attorneys' fees;

f)  Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

g)  Any other relief, at law or at equity, the Court deems just and proper.

This the 13th day of November 2023.

Respectfully submitted,

Simon T. Bailey (MBN 103925)
Michael C. Williams (MBN 104537)
Jonathan M. Barnes (MBN # 105659)
sbailey@bradley.com
mcwilliams@bradley.com
jbarnes@bradley.com

BRADLEY ARANT BOULT CUMMINGS LLP
Suite 1000, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Lakeland Seniors, LLC*

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

Court Identification Docket #: 25 / 1 / CI
County #: 25 | Judicial District: 1 | Court ID (CH, CI, CO): CI

Case Year: 2023
Docket Number: 655
Local Docket ID: ____

Date: 11 / 13 / 23 (Month / Date / Year)
This area to be completed by clerk
Case Number if filed prior to 1/1/94: ____

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: Last Name ____ First Name ____ Maiden Name, if applicable ____ M.I. ____ Jr/Sr/III/IV ____

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

Business: **Lakeland Seniors, LLC**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

Address of Plaintiff: 795 Ridge Lake Blvd Suite 300, Memphis, Tennessee 38120
Attorney (Name & Address): Jonathan M. Barnes, 188 E Capitol St Ste 1000, Jackson, MS 39201
MS Bar No.: 105659

___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: ____

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form
Individual: Last Name ____ First Name ____ Maiden Name, if applicable ____ M.I. ____ Jr/Sr/III/IV ____

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

___ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

Business: **Jxn Water Inc. (Mississippi)**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

Attorney (Name & Address) - If Known: ____   MS Bar No.: ____

___ Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Provisional)

- [ ] Alcohol/Drug Commitment (Provisional)
- [ ] Other ____

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [X] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ____

Case: 25CI1:23-cv-00655-AHW   Document #: 2-1   Filed: 11/13/2023   Page 2 of 2

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____  Docket No. If Filed
        File Yr       Chronological No.     Clerk's Local ID    Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of <u>1</u> Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name       First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business <u>The City of Jackson, Mississippi</u>
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
  D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name       First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business <u>The University of Mississippi Medical Center</u>
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
  D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____ _____ ( _____ ) _____ _____
              Last Name       First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
  Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
  D/B/A _____

Business _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
  D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

EXHIBIT NO. C-1
CAUSE NO. 3:12cv790
WITNESS
CLERK: T.B.

MAR 1 8 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
C.M. , REPORTER