| | |
|---|---|
| From: | Ashleigh Quinn <ashleigh.quinn@mdhs.ms.gov> |
| Sent: | Thursday, February 22, 2024 4:27 PM |
| To: | Malissa Wilson; Mitch McGuffey; henry_wingate@mssd.uscourts.gov; Karl.Fingerhood@usdoj.gov; Angela.Mo@usdoj.gov; angela.williams3@usdoj.gov; paul@aqualaw.com |
| Cc: | Patrick Black; Bob Anderson; Azande Williams AGO |
| Subject: | MDHS's Response to Motion for Order to Release Supplemental Nutrition Assistance Program Recipients List; Case No. 3:12-cv-790-HTW-LGI; 3:22-cv-00686-HTW-LGI |
| Attachments: | MDHS's Response to Motion for Order to Release Supplemental Nutrition 2.22.24.pdf; Jackson - Filed - Memo in Opposition to Motion for Order to Release SNAP Recipients List (1).pdf |

**EXTERNAL EMAIL - proceed with caution when replying or clicking links**

Good Afternoon:

Please find attached a correspondence and a supporting document regarding the above subject matter.

Should you have any questions or concerns, feel free to contact the agency's general counsel, Patrick Black, at Patrick.Black@mdhs.ms.gov or 601-968-8314.

Thank you for your attention to this important matter.

Kindest regards,
**Ashleigh Quinn, Esq.**
**Deputy General Counsel/Privacy, Civil Rights, and Public Records Officer**
**Mississippi Department of Human Services**
Office Phone: 359-2574
Cell: 601-398-8677
ashleigh.quinn@mdhs.ms.gov



**CONFIDENTIALITY NOTICE:**
This message is being sent by or on behalf of a lawyer. This message is covered by the *Electronic Communication Privacy Act, 18 U.S.C. Sections 2510-2515*, it is intended for the sole use of the intended recipient and may contain information, which is privileged, confidential, or otherwise legally exempt from disclosure. If you received this message in error, please notify the sender immediately by replying to this e-mail, or by telephone at (601) 359-2574 and delete all copies of the message from your computer.

CONFIDENTIALITY NOTICE This e-mail and any files or attachments may contain confidential and privileged information. If you have received this message in error, please notify the sender at the above e-mail address and delete it and all copies from your system.

1

**Exhibit C**



Robert G. Anderson
*Executive Director*

February 22, 2024

**VIA ELECTRONIC MAIL**
Ted Henifin
The Interim Third-Party Manager

**through counsel of record -**

Malissa Wilson, Esq.
Charles Mitchell McGuffey, Esq.
Malissa.wilson@formanwatkins.com
Mitch.mcguffey@formanwatkins.com

F. Paul Calamita, III, Esq.
Paul.aqualaw.com

  RE: **MDHS's Position on Motion for Order to Release Supplemental Nutrition Assistance Program Recipients List**

Dear Mr. Henifin:

The Mississippi Department of Human Services ("MDHS") has been informed of the *Motion for Order to Release Supplemental Nutrition Assistance Program Recipients List*, filed on February 7, 2024, on behalf of the City of Jackson ("COJ") in its ongoing litigation with the United States Government, Mississippi Department of Environmental Quality, and Mississippi State Department of Health regarding their violation of the Federal Safe and Clean Water Acts. As you are aware, MDHS is not a party to the subject litigation. While we are a state agency, our agency has no jurisdiction as related to regulation of safe or clean water for the citizens of Mississippi. As such, it is prudent to reach out to you regarding our agency's client data and your program's interests as put forth in the subject motion. We offer this letter as our position statement, not as a formal response to your motion, since we are not a party and have not been formally served.

MDHS understands your appointment by the federal court to serve as the interim third-party manager ("ITPM") to oversee the rebuilding of COJ's water system and MDHS fully supports this effort. Our state offices are located within the COJ within walking distance of City Hall and a substantial percentage of our employees both work and live within the COJ limits. Furthermore, we do recognize the overlapping interests of assisting and serving the residents of Jackson to be able to access necessities such as clean drinking water. However, MDHS is unable to oblige your request, as stipulated in the motion. Federal law simply does not allow us to do so.

The motion provides, "[t]he ITPM now seeks to implement his updated water and sewer rate classifications, including a rate category for approximately 39,000 Jackson ratepayers who are

**Exhibit C**
Page 1 of 3

eligible for federal SNAP benefits." Additionally, the motion requests the District Court "to enter an order requiring MDHS to release on or before February 29, 2024, and then on the first business day of each calendar quarter thereafter, to the ITPM a list, in CSV (comma-separated values) format, containing the name, address, phone number, and email address of recipients of the Supplemental Nutrition Assistance Program (SNAP)..." In essence, your motion has intreated MDHS, a state agency, to assume the role of quasi administrator for the proposed rate plan to be implemented by the COJ's water system. With all of the programs MDHS already administers, we are simply not in a position to add to that list an unfunded mandate to assist in running COJ's water system.

Your motion contends that you believe you are entitled to the SNAP disclosures as your position, a federal monitor, is a "federal assistance program" within the definition of the exemptions; and the SNAP disclosures "can be disclosed in confidence in this judicial proceeding". We respectfully disagree. Moreover, we agree and support the assertions outlined in *United States' Response in Opposition to Release SNAP Program Recipient List*[1], filed on February 21, 2024, that MDHS, in accordance with federal regulations, **cannot** disclose SNAP data or data obtained from clients on their SNAP applications.[2] Applicants for SNAP benefits have privacy rights which the law requires that we both respect and protect.

While MDHS is not opposed to working with you to achieve success for the COJ, however, it cannot be at the cost of breaching our clients' privacy and trust. The request, as drafted, has the potential to cause irrevocable harm by jeopardizing the State's entire SNAP program. In the United States' *Response*, it puts all parties on notice that "[i]f MDHS were to improperly handle SNAP information, Mississippi could be disqualified from administering SNAP and receiving SNAP funding. *See* 7 U.S.C. 2020(g)". Such disqualification would have a disastrous impact on the state's neediest population with over 300,000 Mississippians receiving SNAP benefits in an average month and would put at risk roughly $70 million in SNAP benefits which we distribute on a monthly basis all across the State of Mississippi.

As you know, MDHS has previously partnered with the ITPM to administer the Low-Income Household Water Assistance Program ("LIHWAP") to match Jackson water customers with MDHS Low Income Home Energy Assistance Program ("LIHEAP") clients to help provide grant funds for those households that were in arrearages with COJ's water system. This prior partnership is an example of an effective and efficient state and local success which was achieved through legal pathways for the good of the community.

Your office has been in communication for some months with MDHS concerning the proposed SNAP water rate. Our position has been consistent that any transfer of SNAP data would be a breach of the client's privacy, federal regulations, and the state plan that administers the program. Furthermore, aside from the ITPM's attempt to offload a substantial portion of the administrative burden to MDHS, the ITPM has greatly overestimated the number of COJ ratepayers who receive SNAP benefits. Based on the ITPM's own motion, the requested data would create a "rate category for approximately 39,000 Jackson ratepayers". However, MDHS's most current data reveals that there are only 20,991 active SNAP cases in all of Hinds County. This number, on its face, is

---

[1] See motion and memorandum attached hereto.
[2] See 7 U.S.C. § 2020(e)(8); 7 CFR 272.1(c)(1)

**Exhibit C**

Page 2 of 3

almost half of the proposed SNAP rate category, but it would decrease even more dramatically when the zip codes of Hinds County residents who do not reside within the service area of the COJ water system are eliminated.

As previously discussed with the ITPM, there are alternative pathways for the program to achieve success without compromising clients' privacy. One such alternative is outlined in 7 CFR 272.1(c)(3) which provides,

> If there is a written request by a responsible member of the household, its currently authorized representative, or a person acting on its behalf to review material and information contained in its casefile, the material and information contained in the casefile shall be made available for inspection during normal business hours. However, the State agency may withhold confidential information, such as the names of individuals who have disclosed information about the household without the household's knowledge, or the nature or status of pending criminal prosecutions.

Therefore, our position is that a more appropriative strategy would be that the ITPM explore the option of some sort of waiver or release being circulated to all Jackson water recipients. Through this communication, any individuals who wish to avail themselves of the reduced water rates and who are SNAP clients can indicate the same and authorize MDHS to confirm their participation in the SNAP program. Once the ITPM has acquired those releases, then a data file could be sent to MDHS on a quarterly or annually basis for MDHS to verify. Another alternative would be for SNAP recipients to self-attest to ITPM their residence within COJ limits by showing a water bill and a recent communication from MDHS related to their SNAP benefits (such as a recertification notice) or simply by showing a copy of their SNAP EBT card to ITPM with a water bill in the name of the SNAP recipient.

Thank you for your immediate attention to this matter. Should you have any questions or concerns, feel free to contact the agency's general counsel, Patrick Black, at Patrick.Black@mdhs.ms.gov or 601-968-8314.

Sincerely,

*Robert G. Anderson* (signature)

Robert G. ("Bob") Anderson
Executive Director, MDHS

CC:   United States District Court Judge Henry Wingate (henry_wingate@mssd.uscourts.gov)
      Karl Fingerhood, Esq. (Karl.Fingerhood@usdoj.gov)
      Angela Mo, Esq. (Angela.Mo@usdoj.gov)
      Angela Williams, AUSA (angela.williams3@usdoj.gov)

**Exhibit C**
Page 3 of 3

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

UNITED STATES OF AMERICA,                               PLAINTIFF
STATE OF MISSISSIPPI

VS.                           CIVIL ACTION NO. 3:12CV790-HTW-LGI

THE CITY OF JACKSON, MISSISSIPPI,                       DEFENDANT
JXN WATER


**TRANSCRIPT OF STATUS CONFERENCE**


BEFORE THE HONORABLE HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE


FEBRUARY 27, 2024
JACKSON, MISSISSIPPI


(APPEARANCES NOTED HEREIN.)


REPORTED BY:  TERI B. NORTON, RMR, FCRR, RDR
              Mississippi CSR #1906

---

501 EAST COURT STREET, SUITE 2.500
JACKSON, MISSISSIPPI  39201
TERI_NORTON@MSSD.USCOURTS.GOV
(601)608-4186

**Exhibit C**

| | |
|---|---|
| 1 | MR. BLACK: Your Honor, may I speak? |
| 2 | THE COURT: Who is this? |
| 3 | MR. BLACK: Patrick Black. I'm general counsel for |
| 4 | the Mississippi Department of Human Services. |
| 5 | THE COURT: Go ahead. |
| 6 | MR. BLACK: We had submitted a letter to the Court. |
| 7 | We are not a party to this action, and so we did not file a |
| 8 | response. We were made aware of the situation via the DOJ. I |
| 9 | will say that Mr. Henifin and myself have been in conversation |
| 10 | related to the proposed SNAP rate for some time now. And |
| 11 | MDHS's position has been clear and consistent that we cannot |
| 12 | provide the data as requested due to federal law. However, we |
| 13 | proposed alternative manners in which this can potentially be |
| 14 | achieved, but all of the feedback from Mr. Henifin has been |
| 15 | that it's not going to be successful because of government |
| 16 | mistrust or low client turnout. However, I would point out |
| 17 | that the SNAP program is a client-driven program. They come to |
| 18 | MDHS seeking that benefit. |
| 19 | Additionally, government trust, I would be concerned and |
| 20 | remiss not to say anything about government trust if MDHS turns |
| 21 | over all of our private clients' information to another |
| 22 | program. At what point are we any better then? We will |
| 23 | undermine our own credibility. |
| 24 | I would also point out that Mr. Henifin's initial |
| 25 | estimation of how many Jacksonians this would reach has been |

**Exhibit C**

1      Additionally, the idea now that they would sue the federal
2  government for this data, unfortunately, like counsel has
3  stated, this is not the federal government's data. It is a
4  federal grants program that is administered by the State. So
5  the funds come to the State, but it is our clients and our
6  data. And it is our duty to protect those clients data.
7      THE COURT: All right. Back to my last question.
8  What's your solution?
9      MR. BLACK: Again, I'm happy to work with the City to
10 try to find a workaround, but I don't have one other than the
11 ones I suggested, which they have rejected outright at this
12 time.
13     THE COURT: So you don't have a suggestion now?
14     MR. BLACK: I mean, my suggestion would be that the
15 City of Jackson do the outreach and get the opt-in waiver from
16 their clients, and then we can provide them a yes or no.
17     THE COURT: Well, okay. Should you formulate a
18 possible project and a possible approach, would you be so kind
19 as to drop me a line on it?
20     MR. BLACK: Yes, sir. I will direct you to the
21 letter that I think we copied you on in which we did give some
22 alternative ways in which we could comply with federal privacy
23 rights but also hopefully get them the clients' participation
24 in their program that they would like.
25     THE COURT: What was that last part?

**Exhibit C**

Case 3:12-cv-00790-HTW-LGI   Document 142-3   Filed 08/01/24   Page 8 of 8

128

1
2
3                    CERTIFICATE OF COURT REPORTER
4
5       I, Teri B. Norton, RMR, FCRR, RDR, Official Court
6  Reporter for the United States District Court for the Southern
7  District of Mississippi, appointed pursuant to the provisions
8  of Title 28, United States Code, Section 753, do hereby certify
9  that the foregoing is a correct transcript of the proceedings
10 reported by me using the stenotype reporting method in
11 conjunction with computer-aided transcription, and that same is
12 a true and correct transcript to the best of my ability and
13 understanding.
14      I further certify that the transcript fees and format
15 comply with those prescribed by the Court and the Judicial
16 Conference of the United States.
17
18
19
20         s/ *Teri B. Norton*
           TERI B. NORTON, RMR, FCRR, RDR
21         OFFICIAL COURT REPORTER
22
23
24
25

**Exhibit C**