**IN THE UNITED STATES DISTRICT COURT,**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| AND THE STATE OF MISSISSIPPI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:12-cv-790-HTW-LGI |
| v. | ) | (Clean Water Act Case) |
| | ) | |
| THE CITY OF JACKSON, MISSISSIPPI | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, and | ) | |
| | ) | |
| | ) | |
| MISSISSIPPI POOR PEOPLE'S | ) | Case No. 3:22-cv-00686-HTW-LGI |
| CAMPAIGN AND THE PEOPLE'S | ) | (Safe Drinking Water Act Case) |
| ADVOCACY INSTITUTE | ) | |
| | ) | |
| Intervenors-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF JACKSON, MISSISSIPPI, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF INTERVENORS-PLAINTIFFS' MOTION TO AMEND THE INTERIM STIPULATED ORDER (SAFE DRINKING WATER ACT CASE)**

1

**INTRODUCTION**

Intervenors-Plaintiffs ("Intervenors") filed their Motion to Amend the Interim Stipulated Order ("ISO"), CWA Case, Dkt. Nos. 175 to 176,[1] because the current ISO was prepared during an unprecedented water crisis and several basic public policy principles to promote data sharing, community governance, and equity were not included in the original ISO. In addition, the original ISO did not account for additional parties to the case. Two-and-a-half years have passed since entry of the ISO and significant changes in circumstances have occurred, prompting Intervenors to ask this Court to use its discretionary power to amend the ISO to:

1) Require JXN Water and all agents to comply with Mississippi procurement laws, the Mississippi Public Records Act, and the Jackson Municipal code,

2) Require JXN Water and all agents to maintain impartial and neutral while acting as officers of the Court, and

3) Require a fair transitional plan that prepares the City of Jackson to resume full control of Jackson's public water system (the "System").

Plaintiff the United States of America (the "United States" or the "Government") opposes Intervenors' Motion to Amend the ISO.[2] According to the United States, the Court lacks the authority to amend the ISO because Intervenors are not parties to the ISO, the ISO's terms prevent the Court from granting relief, and the relief sought falls outside the scope of the claims made in

---

[1] All citations to docket items in the Safe Drinking Water Act ("SDWA") Case, No. 3:22-cv-00686-HTW-LGI, are denoted herein as "SDWA Case" All citations to docket items in the Clean Water Act ("CWA") Case, No. 3:12-cv-790-HTW-LGI, with which the SDWA case administratively consolidated on August 14, 2023, are denoted herein as "CWA Case." Wherever available, Intervenors-Plaintiffs cite to the CWA docket.

[2] Notably, Defendant the City of Jackson, the only other Party in this case, has not responded to Intervenors' Motion to Amend the ISO. Nor did it respond to Intervenors' request for the City's position on the Motion before Intervenors filed it.

2

the Intervenors' complaint. However, these bases for the United States' opposition are incorrect and rely on flawed rationales.

For the reasons set forth in this Reply, as well as the reasons identified in the Memorandum of Law in Support of Intervenors-Plaintiffs Motion to Amend the ISO, this Court has the authority to amend the ISO and should grant the same.

## ARGUMENT

### I. Intervenors are parties subject to the ISO and the ISO functions as a preliminary injunction that this Court has the authority to modify.

The United States argues that the ISO cannot be amended because Intervenors were not original parties and the modification provision precludes the Court from making any changes. But this argument ignores the fact that Intervenors are parties with full rights and that the United States has already recognized Intervenors as parties with respect to certain aspects of the ISO. Furthermore, the ISO is akin to a preliminary injunction. SDWA Case, Dkt. No. 3 at 5-6, which this Court has full authority to modify under Fifth Circuit precedent.

#### A. Intervenors were granted legal status in the case and were immediately subject to the ISO as if they were parties from the start of this lawsuit.

The order granting intervention states that Intervenors "have all the rights and responsibilities associated with party status in this matter." CWA Case Dkt. No. 102 at 2. Moreover, a party that has properly intervened "is treated as if [they] were an original party and has equal standing with the original parties." *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978). And intervening parties are bound by all prior orders and adjudications of fact and law as though it had been a party from the commencement of the suit. *Moore v. Tangipahoa Parish School Bd.*, 298 F. Supp. 288 (E.D. La. 1969).

Once Intervenors joined this lawsuit, upon leave of this Court, they were automatically subject to the ISO as a party. Moreover, the United States has already demonstrated Intervenors' status by treating Intervenors as a party for the purposes of obtaining a stay and to modify the confidentiality order in this case.

To illustrate, Paragraph XI of the ISO states that "[l]itigation in this matter is stayed for six months from the effective date subject to extensions by the court. Prior to the expiration of the stay, the parties shall file a joint report as to whether the parties believe in additional stay is appropriate." SDWA Case, Dkt. No. 6 at ¶28. Accordingly, the United States secured signatures from Intervenors, along with the City of Jackson, on *multiple* occasions to extend the stay, including as recently as June 4, 2025. CWA Case, Dkt. No. 49.

Moreover, the United States, along with Defendant the City of Jackson, stipulated to adding Intervenors as Parties pursuant to a 2024 confidentiality order. CWA Case, Dkt. No. 123 at 2. Specifically, the Parties submitted alongside their Joint Stipulation for Order of Confidentiality a proposed order—which the Court granted—that defines "Parties" in this case as "Plaintiff, the United States; the Defendant, the City of Jackson, Mississippi ("City"); *and the Intervenors-Plaintiffs, the Mississippi Poor People's Campaign and People's Advocacy Institute*." *Id*.; CWA Case, Dkt. No. 136 at ¶1 (emphasis added).

Accordingly, the United States has already acknowledged Intervenors as full parties in this case and cannot contradict their previous stance by claiming that Intervenors are simply third parties to the ISO and thus have no say.

### B.   *The Court has the power to amend the ISO over the United States' objection.*

The United States wavers on the applicable classification of the ISO depending on which argument they are trying to make. Initially, the United States refers to the ISO as an agreement

4

between the original parties that cannot be modified unless all parties agree. CWA Case, Dkt. No. 185 at 4. Then, however, the United States goes on to admit that the ISO is a form of injunctive relief but identifies the wrong standard for relief: "Intervenors must motion for and overcome the standard for obtaining preliminary injunctive relief." CWA Case, Dkt. No. 185 at 4-5.

The United States is misguided on the proper standard because the Intervenors are not asking for a new preliminary injunction; rather, they are asking the Court to modify the existing ISO the operates as a preliminary injunction. When modifying an existing injunction, the standard is different than the standard for entering a new preliminary injunction. As Intervenors thoroughly explained in their opening brief, *see* CWA Case, Dkt No. 175—which the government completely ignores: "Modification of an injunction is appropriate when the legal or factual circumstances justifying the injunction have changed." *ICEE Distributors, Inc. v. J&J Snack Foods Corps.*, 445 F.3d 841, 850 (5th Cir. 2006) (citing *Black Assoc. of New Orleans Fire Fighters v. City of New Orleans*, 853 F.2d 347, 354 (5th Cir. 1988)) ("Ordinarily, the purpose of a motion to modify an injunction is to demonstrate that changed circumstances make the continuation of the order inequitable . . .."). Thus, the United States' reliance on *Opulent Life Church*, CWA Case, Dkt. No. 175, which cites the standard for a preliminary injunction, does not apply.

The Memorandum of Law in Support of Intervenors-Plaintiffs Motion to Amend the ISO establishes significant changes in circumstances: (1) Intervenors joined the lawsuit after the ISO was entered, and they have not been able to obtain all of the necessary data to evaluate their claims; (2) there is no longer a State of Emergency that justifies the ITPM's circumvention of applicable laws, such as the state open records act and procurement laws; and (3) significant changes have occurred in relation to the water system, along with significant passage of time since the ISO was entered over two-and-a-half years ago. CWA Case, Dkt. No. 176 at 13-21.  Indeed, Intervenors

have met the proper standard for modification of the ISO and as Intervenors extensively explained in their opening brief, each of these changed circumstances—none of which the government even bothers to rebut or otherwise address—warrants amendment of the ISO.

## II.  The United States misconstrues Intervenors' position.

The Government also states that "Intervenors' motion is based on the misconception that the emergency necessitating the ISO is over," and that "Intervenors cite no evidence to support this contention." CWA Case, Dkt. No. 185 at 8. This argument mischaracterizes Intervenors' position completely. First, Intervenors make clear that their request to *amend* the ISO—not to entirely eliminate it—is based, among other factors, on the lifting of the formal emergency declarations related to the Jackson water crisis: "[i]n the absence of a *state* of emergency," the ISO should not ignore the law and "[b]ecause there is no longer a state of emergency, the ISO should be modified to include basic public policy principles as well as compliance with state law." CWA Case, Dkt. No. 176 at 15 (emphasis added). This stance in no way indicates that the urgent concerns affecting Jackson residents' access to clean, affordable, reliable water system no longer exist. As a matter of fact, Intervenors' recent Objections to the ITPM's recent rate change proposal evidence these ongoing concerns. CWA Case, Dkt. No. 171.

Second, it is publicly known that the formal States of Emergency, declared by the state and federal governments, ended years ago.[3] Nonetheless, the Government chooses to ignore this public

---

[3] Debbie Skipper, *Reeves officially ends state of emergency over Jackson water* crisis, Mississippi Today (2022), https://mississippitoday.org/2022/11/23/reeves-officially-ends-state-of-emergency-over-jackson-water-crisis/; Adam Ganucheau, *President Biden declares emergency for Jackson water crisis*, Yahoo News (2022), https://www.yahoo.com/news/president-biden-declares-emergency-jackson-140256908.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAKuiDlTslabDJVlFtDLDnGnMzbR2cpy9wBZL3AQPFxIm3my-CnNJKc5N-sMGi6h--0n-URflbsEZCxsJEpyAmUJvaJcZVqe14guBmhpE__gSfmiRwiQ6o5uqNOghU4MP-fArfviSSeHX_cyVuDYR2i6dpzxL0CZEAxycUx33xc4T (last visited July, 17, 2025).

knowledge and cite local legislation—a recent City Council resolution—that not only did not exist at the time Intervenors filed their Motion to Amend the ISO,[4] but that does not change the fact that there is no longer a federal- or state-declared emergency. CWA Case, Dkt. No. 185-2.

Ultimately, the United States admits that Intervenors' claims mirror the majority of the United States's claims but then argues that there can be no grounds for relief because the Intervenors' claims have already been resolved. If this is true, this means that the majority of the United States' clams are resolved, and it calls into question the United States assertion that there is an ongoing state of emergency. Both positions cannot be true at the same time.

### III. United States failed to explain why the requested relief is outside the scope of claim asserted in complaint.

In their opposition, the United States fails to fully address the specific relief that Intervenors seek in their Motion to Amend the ISO and thus, fails to explain why the requested relief is inapplicable or improper.

Glaringly, nowhere in its opposition does the United States specifically respond to Intervenors' requests to amend the ISO with a requirement of neutrality for the ITPM and his agents and representatives, the applicability of state procurement and open record laws to the ITPM, and a transitional plan to return the control and management of the system back to the City. *See generally* CWA Case, Dkt. No. 185. Thus, the United States has not provided a substantive response to Intervenors' showing that the material changes in circumstances warrant an amendment to the ISO.

Any assertion that the United States does attempt to raise to address specific relief raised by Intervenors is underdeveloped. First, to illustrate, the United States says much of the

---

[4] CWA Case, Dkt 185 2, filed on May 20, 2025.

information that Intervenors request is publicly available. Once again, the United States ignores the fact that on two separate occasions this Court informed JXN Water to provide records to the Intervenors. However, even after prompting from the Court, the Intervenors have not received the records that JXN Water was ordered to supply. This is further evidence of the need for the ISO to be amended in accordance with the relief sought by Intervenors.

Second, the United States suggests that Intervenors could respond to the quarterly reports with their informational requests. CWA Case, Dkt. No. 185 at 11. This is not a viable option because the record demonstrates both the Parties' and JXN Water's/the ITPM's stalled, delayed, or lack of, responsiveness to Intervenors' correspondence related to this case. It is unreasonable for Intervenors to expect to obtain timely, useful information via any written submissions they make to the ITPM, absent a court order. CWA Case, Dkt. No. 176 at 8-10.

Finally, while Intervenors acknowledge that the ITPM hosts quarterly meetings, the Intervenors are seeking meetings with local System users and other stakeholders of the water system more regularly than every 3 months, and meetings that allow residents to meaningfully participate and lead some of the changes in the water system. Similarly, Intervenors seek opportunities of systematic community governance related to the developments in the water system that the JXN Water Academy—offered only to a group of select individuals who apply and are accepted—cannot offer.

In sum, contrary to the United States' position, the requested relief in Intervenors' Motion to Amend the ISO—which in many cases only seeks to improve current provisions of the ISO to reflect current circumstances and to not replace them—relates entirely to Intervenors' three legal claims and the relief sought in their Complaint-in-Intervention. Thus, Intervenors' proposed amendments to the ISO relate no less to their claims and relief than the current ISO relates to the

United States' claims listed in their November 2022 Complaint. Accordingly, each of the requested changes listed in Intervenors' Motion to Amend the ISO is thus intended: (1) to continue to stabilize the water system and its control and management by the City (not to litigate this case)—just as the original ISO was intended to do (SDWA Case, Dkt. No. 6 at 3.)—but with more equity and transparency and in accordance with applicable legal requirements, based on the undisputed material changes in circumstances in this case; and (2) to aid not only Intervenors but all Parties, to resolve this case—whether by settlement or litigation. Therefore, we respectfully requests that this Court grant our Motion to Amend the ISO.

Respectfully submitted, this 17th day of July 2025.

/s/ Joshua Tom
Joshua Tom, MS Bar No. 105392
Ayanna Hill, MS Bar No. 106590
American Civil Liberties Union of Mississippi
101 South Congress St.
Jackson, MS 39201
601.354.3408 ext. 112
jtom@aclu-ms.org
ahill1@aclu-ms.org


Emily Early, GA Bar No. 810206*
Jessica Vosburgh, Ala. Bar No. 1710-A00Y*
D. Korbin Felder, MS Bar No. 106643
The Center for Constitutional Rights
666 Broadway Avenue, Floor 7
New York, New York 10012
(212) 614-6464
eearly@ccrjustice.org
jvosburgh@ccrjustice.org
kfelder@ccrjustice.org


Lori Sherman, IN Bar No. 31102-53*

Kathleen Roblez, NC Bar No. 57039*
Ashley Mitchell, NC Bar No. 56889*
Caitlin Swain, NC Bar No. 57042*
Forward Justice
P.O. Box 1932
Durham, NC 27721
(919) 323-3889
 lsherman@forwardjustice.org
 kroblez@forwardjustice.org
 amitchell@forwardjustice.org
 cswain@forwardjustice.org


*Counsel for Intervenor-Plaintiffs*
 *admitted pro hac vice